BEVERLY v BEVERLY

Docket No. 50389. Submitted May 13, 1981, at Detroit.—Decided December 17, 1981.

Leontine Beverly, plaintiff, and Edmond Beverly, defendant, were granted a judgment of divorce in Wayne Circuit Court. The plaintiff was awarded custody of the parties' minor children and the defendant was ordered to pay child support. Subsequently, defendant was awarded custody of the children and plaintiff was ordered to pay child support to the defendant. Subsequently, an order to show cause against Leontine Beverly for failure to pay child support was heard in Wayne Circuit Court. Neal Fitzgerald, J., issued an order cancelling the arrearage in child support due from the plaintiff and abating any further child support. The matter subsequently was reheard by the Wayne Circuit Court, Theodore Bohn, J., who affirmed the order cancelling the arrearage and abating the child support. The defendant appeals by leave granted, alleging that the trial court abused its discretion in ruling that the plaintiff should be relieved of her obligation to contribute toward the support of the children solely because of the defendant's increase in income and generally improved financial status resulting partially from his remarriage. *Held:*

The trial court abused its discretion in ruling that the plaintiff should be relieved of her obligation to pay child support merely because of the defendant's improved financial status. The court should consider any change in the relative

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 24 Am Jur 2d, Divorce and Separation §§ 827-830, 839, 840.

Propriety of decree in proceeding between divorced parents to determine mother's duty to pay support for children in custody of father. 98 ALR3d 1146.

Adequacy of amount of money awarded as child support. 1 ALR3d 324.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 840, 846-849.

Change in financial condition or needs of parent or children as ground for modification of decree for child support payments. 89 ALR2d 7.

Remarriage of parent as basis for modification of amount of child support provisions of divorce decree. 89 ALR2d 106.

capacity of each party to contribute to the support of the children. The defendant's remarriage is only one of the factors to be considered.

Reversed and remanded.

1. PARENT AND CHILD — DIVORCE — CHILD SUPPORT.

Both parents are obligated to support a minor child and a court, when granting a divorce, has the jurisdiction to award custody of minor children to either party and may require either parent to pay such allowance as may be deemed proper for the support of each child; the court may fashion a child support order based upon the relative ability of each parent to pay (MCL 552.17a, 722.3; MSA 25.97[1], 25.244[3]).

2. PARENT AND CHILD — DIVORCE — CHILD SUPPORT — MODIFICATION OF SUPPORT.

A party petitioning for a modification of an order for child support bears the burden of establishing a change in circumstances that would justify an alteration of the divorce judgment; an increase in the custodial parent's income and the general improvement in the parent's financial status by virtue of a favorable remarriage is not, in itself, a sufficient change in circumstances to relieve the noncustodial parent totally of the obligation to contribute to the support of the children and in determining whether there has been a change in circumstances all relevant factors must be considered by the court.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

A court, in determining whether a noncustodial parent should be relieved either totally or partially of his child support obligation, should examine the noncustodial parent's financial status, employment or employability, health, and any other factor or factors which bear upon his earning capacity; the noncustodial parent should not be relieved entirely of his obligation to support the children solely because the custodial parent may happen, for whatever reason, to be financially able to support the children without assistance.

Professional Legal Centers, P.C. (by *Mary Beth Leija*), for plaintiff.

*Gerald S. Surowiec*, for defendant.

Before: D. F. WALSH, P.J., and D. C. RILEY and
R. D. KUHN,* JJ.

PER CURIAM. Defendant appeals from a circuit
court order abating child support and canceling
arrearages owed by plaintiff under a judgment of
divorce.

The judgment was entered on March 20, 1975.
Custody of two minor children was awarded to the
plaintiff mother. Defendant father was ordered to
pay child support in the amount of $40 per child
per week. Immediately prior to the entry of the
judgment, plaintiff and defendant were each earn-
ing approximately $19,000 per year.

On June 10, 1977, the judgment was modified to
provide that defendant be given custody of the
children. Plaintiff was ordered to pay child support
in the amount of $22 per child per week. On April
27, 1978, the judgment was modified again to
provide that plaintiff pay support in the amount of
$25 per child per week, retroactive to November
25, 1977. On August 2, 1979, the judgment was
modified for a third time. This time the court
canceled arrearages which had accrued under the
judgment and relieved the plaintiff of her child
support obligation as of June 16, 1979. Defendant's
motion for rehearing was granted on November 9,
1979.

At the rehearing, plaintiff mother testified that
she was employed with the Pontiac Board of Edu-
cation at a salary of $19,000 per year. Plaintiff
stated that her monthly rent for an apartment
amounted to $395 and that her debts were "way,
way above what [she could] handle". She also
indicated that she had health problems due to an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

injury from a car accident in 1978. Plaintiff then drove a 1979 automobile.

Defendant father testified that he was employed as the Assistant Superintendent of Inkster Public Schools and earned approximately $31,000 per year. Defendant had remarried since the divorce and his wife was a physician who earned approximately $50,000 per year. Defendant testified that he was then living in a house purchased for $120,-000, of which $90,000 was still owing. Defendant and his new wife also owned a 1977 Oldsmobile and a 1979 Cougar. Payments were being made on both of these vehicles.

At the conclusion of the hearing, the court reaffirmed the order which relieved plaintiff of her support obligation and canceled arrearages owed by plaintiff. The court found that a change in circumstances had occurred based on defendant's increase in earnings and his second wife's earnings of $50,000. The court also noted defendant's $120,-000 residence and the two automobiles owned by defendant and his new wife.

In rendering its decision the court stated:

"There has been a change in circumstances as far as his [defendant's] earnings are concerned. The records reflect that his present earnings are approximately $30,000 a year and his present wife's earnings are $50,000 a year. That makes a joint income of approximately $80,000 a year.

"They have purchased a home two years ago which he testified to in the amount of $120,000.

"Both he and his wife have a 1977 Oldsmobile and a 1979 Cougar.

"I think that in view of the defendant's present income and the circumstances under which he resides that the plaintiff should not be required to contribute toward the support of the two minor children."

Defendant argues on appeal that the trial court abused its discretion in ruling that the plaintiff should be relieved of her obligation to contribute toward the support of the two minor children solely because of the defendant's increase in income and generally improved financial status resulting partially from his remarriage. We agree and remand for a new hearing.

Both parents are obligated to support a minor child. MCL 722.3; MSA 25.244(3). When granting a divorce, a court has the jurisdiction to award custody of minors to either party and "may require either parent to pay such allowance as may be deemed proper for the support of each child * * *", MCL 552.17a; MSA 25.97(1). The court, therefore, may fashion a child support order based upon the relative ability of each parent to pay. *Charlton v Charlton*, 397 Mich 84; 243 NW2d 261 (1976), *Watkins v Springsteen*, 102 Mich App 451; 301 NW2d 892 (1980).[1]

The party petitioning for a modification of an order for child support bears the burden of establishing a change in circumstances that would justify an alteration of the divorce judgment. *McCarthy v McCarthy*, 74 Mich App 105, 108; 253 NW2d 672 (1977). An increase in the custodial parent's income and the general improvement in that parent's financial status by virtue of a favorable remarriage is not, in itself, a sufficient change

---

[1] In *Charlton v Charlton, supra,* the Supreme Court affirmed the support provisions of a judgment of divorce which ordered a defendant husband to pay three quarters and the plaintiff wife to pay one quarter of the $60 support requirement because of the 3 to 1 ratio of defendant's income to plaintiff's income. In *Watkins v Springsteen, supra,* the Court ruled that, although the plaintiff wife's improved financial condition was not a legally significant ground for total termination of the defendant husband's child support obligation, it was a relevant factor in determining whether a change of circumstances had occurred which was sufficient to require an abatement *pro tanto* of a previously ordered support payment.

in circumstances to relieve the noncustodial parent totally of the obligation to contribute to the support of the children. See *McCarthy v McCarthy, supra,* 108-109.[2] In determining whether there has been a change in circumstances *all* relevant factors must be considered. *McCarthy v McCarthy, supra,* 109, *Cymbal v Cymbal,* 43 Mich App 566-567; 204 NW2d 235 (1972).

Whether the noncustodial parent, in this case the plaintiff wife, should be relieved, either totally or partially, of her child support obligation depends primarily upon her own financial status, her employment or employability, her health and any other factor or factors which bear upon her earning capacity. The plaintiff wife, however, should not be relieved entirely of her obligation to support the children solely because the defendant husband may happen, for whatever reason, to be financially able to support the children without assistance.

This is not to say that the trial court is precluded from considering the defendant husband's financial status, including any improvement therein which may have resulted from his remarriage. On the contrary, the court should consider any change in the relative capacity of each party to contribute to the support of the children. While the defendant's second wife is under no obligation to support the children of the first marriage, her financial contributions in the new household alleviate, to some extent at least, the defendant's support obligations there. The defendant's remar-

---

[2] In *McCarthy v McCarthy, supra,* the Court found error in a modification of a support order which increased the amount of support payable by the noncustodial parent based totally on that parent's increase in salary. The Court ruled that all relevant factors must be considered in determining whether there has been a change in circumstances. See also *Cymbal v Cymbal, supra,* and *Stros v Stros,* 25 Mich App 154, 156; 181 NW2d 26 (1970).

riage, therefore, is *one* of the factors which the trial court may consider in determining the share of child support that each party should contribute.

Reversed and remanded for a new hearing consistent with this opinion. We do not retain jurisdiction.