MAIER v BRABLEC

Docket No. 62999. Submitted December 16, 1982, at Lansing.—Decided May 4, 1983.

Plaintiff, Susan M. Maier, and defendant, Dennis D. Brablec, were granted a divorce in Lenawee Circuit Court. Plaintiff was awarded custody of the couple's minor children and defendant was ordered to pay child support. Subsequently, the court, Kenneth B. Glaser, Jr., J., ordered the defendant's support payments increased for both children. The defendant appealed. *Held:*

There were sufficient changes in the circumstances of the parties to justify an increase in support payments. The defendant's income and assets had increased. Further, the plaintiff had terminated her employment. However, the order increasing defendant's child support payments should be vacated because the trial court did not consider all of the relevant factors in deciding to increase child support. The court confined its review of the plaintiff's circumstances to her lack of employment.

Reversed and remanded with instructions.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

A trial court has the statutory power to modify orders for child support upon a showing by the petitioning party or a change in circumstances sufficient to justify modification; modification of child support orders is within the discretion of the trial court and its decision to modify will not be disturbed absent a clear abuse of discretion (MCL 552.17; MSA 25.97).

2. DIVORCE — APPEAL — MODIFICATION OF DIVORCE DECREES — FINDINGS OF FACT.

Appellate review of divorce decree modifications is *de novo,* but

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 774, 868.
    24 Am Jur 2d, Divorce and Separation §§ 846-851.
[2] 5 Am Jur 2d, Appeal and Error §§ 703, 772.
[3] 24 Am Jur 2d, Divorce and Separation § 847.
[4] 24 Am Jur 2d, Divorce and Separation § 848.
    Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

the Court of Appeals nevertheless gives grave consideration to findings made by the trial court and will not reverse the trial court's decision unless it is convinced that it would have reached a different result had it occupied the trial court's position.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
   All relevant factors are to be considered in determining whether there has been a change of circumstances sufficient to justify a modification of an order granting child support.

4. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
   A court, in determining whether a parent should be relieved either totally or partially of his child support obligation, should examine both parents' financial status, employment or employability, health, and any other factor or factors which bear upon their earning capacities.

*Force & Baldwin* (by *Lawrence C. Force),* for plaintiff.

*Hammond, Baker, Kralick & Fraile* (by *Gaylord L. Baker),* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant appeals from a trial court order modifying a judgment of divorce so as to increase defendant's child support payments.

The parties were divorced on September 9, 1977. The judgment of divorce provided that defendant father pay plaintiff mother $35 per week for their son, Dennis Brablec, and $16 per week for their other son, Scott Brablec. Subsequently, plaintiff petitioned the court for an order increasing defendant's child support payments. The friend of the court recommended that the court increase support payments to $36 per week for Dennis and $25 per week for Scott. On December 17, 1981, the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court ordered the support payments increased to the amounts recommended by the friend of the court.

Plaintiff objected to the amount of each increase and, on January 19, 1982, the lower court held a hearing on the matter. The trial court took the case under advisement and, on January 21, 1982, the court ordered support payments increased to $50 per week for Dennis and $75 per week for Scott.

Defendant claims that the trial court abused its discretion in ordering an increase in his support payments to a total of $125 per week. A circuit court's authority to order a modification of child support and the scope of an appellate court's review of such orders are well settled:

"A trial court has the statutory power to modify orders for child support upon a showing by the petitioning party of a change in circumstances sufficient to justify modification. MCL 552.17; MSA 25.97; *McCarthy v McCarthy,* 74 Mich App 105, 108; 253 NW2d 672 (1977); *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972). Such modification is within the trial court's discretion and its decision to modify will not be disturbed absent a clear abuse of discretion. *Hagbloom v Hagbloom,* 71 Mich App 257; 247 NW2d 373 (1976); *Cullimore v Laureto,* 66 Mich App 463; 239 NW2d 409 (1976). While appellate review of divorce decree modifications is *de novo,* this Court will nevertheless give "grave consideration" to findings made by the trial court and will not reverse unless it is convinced it would have reached a different result had it occupied the trial court's position. *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980); *Wagner v Wagner,* 105 Mich App 388, 390; 306 NW2d 523 (1981). All relevant factors are to be considered in determining whether there has been a sufficient change of circumstances to justify a change in an order granting child support. *Moncada v Moncada,* 81 Mich App 26; 264

NW2d 104 (1978); *Cymbal v Cymbal, supra." Jacobs v Jacobs,* 118 Mich App 16, 20; 324 NW2d 519 (1982).

Defendant argues that none of the evidence presented at the hearing showed that the parties' circumstances had changed since their divorce. We disagree. The record discloses that defendant's income and assets had increased. In addition, plaintiff had terminated her employment. We conclude that there were sufficient changes in the parties' circumstances to justify some increase in support payments.

Nevertheless, we find that the trial court did not consider all of the relevant factors in deciding to increase defendant's support payments to $125 per week. The trial court found that $125 per week was adequate for the children's support. It then decided to give the entire burden of the children's support to defendant. The court assigned this burden to defendant, not only because he was financially able to pay $125 per week but also because plaintiff was unemployed, having quit her job to spend all of her time raising her children:

"Plaintiff is expecting a child in February and is going to stay home and raise her family. She is no longer working at Ford Motor Company and defendant is going to have to carry the children's total support."

In *Beverly v Beverly,* 112 Mich App 657, 662; 317 NW2d 213 (1981), this Court said:

"Whether the noncustodial parent, in this case the plaintiff wife, should be relieved, either totally or partially, of her child support obligation depends primarily upon her own financial status, her employment or employability, her health and any other factor or factors which bear upon her earning capacity."

This principle applies equally to a custodial parent such as plaintiff. The trial court confined its review of plaintiff's circumstances to her lack of employment. It did not consider the other factors mentioned by this Court in *Beverly, supra.* Therefore, we vacate the trial court's order increasing defendant's child support payments to $125 per week and remand for a hearing in which the court shall consider all of the *Beverly* factors.

Finally, we note that the evidence presented at the hearing does not explain the disparate increases in the support payments for the children. Whereas, originally, Dennis received $19 more per week than Scott, the support order gave Scott $25 more per week than Dennis. If the trial court on remand apportions the support payments in a similar fashion, it should set forth its reasons for doing so.

Reversed and remanded for a new hearing consistent with this opinion. Costs to appellant.