HOKE v HOKE

Docket No. 87319. Submitted June 16, 1987, at Grand Rapids. Decided
    August 4, 1987.

    Gerold W. Hoke brought an action in the Kalamazoo Circuit
        Court seeking a judgment of divorce from Patricia R. Hoke and
        custody of the parties' two minor daughters. The trial court,
        Donald M. Goodwillie, Jr., J., granted a judgment of divorce
        and awarded custody of the children to the defendant. Plaintiff
        was granted visitation rights and ordered to pay child support
        "set in accordance with the support schedule presently used in
        Kalamazoo County." The attorneys for the parties were ordered
        to work out the amount of support to be paid and, if they were
        not able to do so, the question of support was to "be referred to
        the Friend of the Court's Office . . . ." Plaintiff was thereafter
        ordered to pay $136 per week child support. Plaintiff appealed.

    The Court of Appeals held:

    1. The facts indicate that no established custodial environ-
    ment existed, thus the trial court could award custody, as it
    did, based upon a preponderance of the evidence as to the
    children's best interests.

    2. The trial court properly made findings on each of the
    statutory best interest of the children factors. None of the
    findings were against the great weight of the evidence. The
    order granting custody of the children to defendant is affirmed.

    3. The trial court erred in setting the level of plaintiff's child
    support obligation. A trial court may never delegate to the
    friend of the court its judicial discretion in setting child sup-
    port. The trial court abused its discretion in setting child
    support by delegating the task to the parties and to the friend
    of the court. The case is remanded to the trial court for an
    evidentiary hearing and a proper determination of the amount
    of child support to be paid consistent with the opinion of the
    Court of Appeals.

    4. The trial court did not commit error requiring reversal

REFERENCES

Am Jur 2d, Appeal and Error § 136.

Am Jur 2d, Divorce and Separation §§ 970, 1018 et seq.

See the annotations in the Index to Annotations under Custody and
    Support of Children.

when it found plaintiff in contempt for failure to return the children to defendant in violation of the judgment regarding custody. The judgment was effective upon pronouncement.

Affirmed and remanded.

1. APPEAL — CHILD CUSTODY.

The Court of Appeals reviews child custody cases de novo and will not disturb a custody order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue.

2. APPEAL — CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

The Court of Appeals may exercise its de novo review power in child custody matters to make its own determination as to whether a custodial environment has been established where a review of the trial court's opinion reveals no mention of a custodial environment (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

3. DIVORCE — CHILD CUSTODY — CUSTODIAL ENVIRONMENT.

A custodial environment of a child is established if over an appreciable time the child naturally looks to the parent in that environment for guidance, discipline, the necessities of life and parental comforts (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

4. APPEAL — CHILD SUPPORT — BURDEN OF PROOF.

The Court of Appeals reviews child support provisions in judgments of divorce de novo; the trial court's exercise of discretion in such matters is generally presumed to be correct; the party challenging a child support order bears the burden of showing an abuse of discretion by the trial court.

5. DIVORCE — CHILD SUPPORT — FRIEND OF THE COURT.

The determination of child support is for the trial court, not the parties; a trial court may never delegate to the friend of the court its judicial discretion in setting child support; support schedules prepared by the friend of the court are guides to the trial court which should not be used mechanically; each case must be decided on its own particular merits based upon facts shown in the testimonial record.

Gerold W. Hoke, in propria persona.

*Howard & Howard, P.C.* (by *Richard J. Howard*), for defendant.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of divorce which awarded custody of the parties' minor children to defendant. We affirm the custody award, but remand for a proper determination of plaintiff's child support obligation.

The parties were married on June 23, 1973. Two children were born during the marriage: Danielle Marie, born April 12, 1976, and Lisa Joy, born February 2, 1979. Defendant left the marital home with the children in November, 1983. Approximately a week later, plaintiff sought and obtained permission from defendant to take the children for a weekend. He did not return the girls to defendant's custody, but instead commenced the instant action.

At a hearing held January 20, 1984, the parties entered into a stipulated custody agreement pursuant to which they were to share temporary joint custody of the children. Plaintiff was to have physical custody Monday through Friday and on alternate weekends. Defendant was to have custody on alternate weekends, from Friday evening to Sunday evening. Additionally, defendant was allowed visitation on Tuesday and Thursday evenings. The parties reserved their right to request sole custody.

On May 3, 1985, following a four-day trial, the trial judge rendered his judgment awarding physical and legal custody of the children to defendant and liberal visitation to plaintiff, including eight weeks of visitation each summer. The court stated that at the end of the school year defendant would "be allowed a two-week time period where the children will be in her custody. The children will

---

* Circuit judge, sitting on the Court of Appeals by assignment.

then return to the father's custody for the remainder of the summer until two weeks before school begins." Additionally, the court ruled that child support would "be set in accordance with the support schedule presently used in Kalamazoo County. The attorneys for the parties will work out the support, and if they are not able to do so, the question of support will be referred to the Friend of the Court's Office . . . ." The court further ruled that the support would abate by one-half during the eight weeks that the children are with plaintiff each summer.

Plaintiff filed a motion for reconsideration for new trial on May 24, 1985. At a hearing held on plaintiff's motion, on August 7, 1985, defendant stated that plaintiff had not made any child support payments. Defendant's attorney then informed the court that plaintiff's counsel had not approved a proposed judgment submitted for entry on July 24, and that no written judgment had been entered. In light of this revelation, the trial judge adjourned the motion hearing. Defendant's motion to enter judgment was heard on August 26, 1985. At that hearing, it was revealed that during the previous week plaintiff failed to return the children to defendant following a scheduled visitation and still had the children in his custody, causing them to miss their first day of school. Plaintiff was found by the court to be in contempt, and his visitation rights were terminated "until such time as this complete two weeks is made up." Setting child support at $136 per week commencing June 7, 1985, the court then resolved the plaintiff's objections to the entry of the proposed judgment and the order was entered that day, at the judge's insistence.

Plaintiff argues that the trial court erred in awarding custody of the children to defendant.

This Court reviews custody cases de novo. We will not disturb a custody order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue. *Bednarski v Bednarski*, 141 Mich App 15; 366 NW2d 69 (1985); MCL 722.28; MSA 25.312(8).

Plaintiff argues that the trial court committed a clear legal error on a major issue by failing to decide the issue of whether an established custodial environment existed. See MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Where, as here, a review of the trial court's opinion reveals no mention of a custodial environment, this Court will exercise its de novo review power in child custody matters to make its own determination as to whether a custodial environment has been established. See *Meyer v Meyer*, 153 Mich App 419; 395 NW2d 65 (1986). The custodial environment of a child is established if over an appreciable time the child naturally looks to the parent in that environment for guidance, discipline, the necessities of life and parental comforts. See MCL 722.27(1)(c); MSA 25.312(7)(1)(c). In the instant case, the record shows that, while the children primarily resided with plaintiff after the parties' separation, defendant took an active role in their upbringing. Defendant testified that she spent approximately thirty hours per week, between Monday and Friday, with the children and saw them daily when she had to work overtime. She took the children to church during her weekend visitations and attended their school conferences. The children informed the court that they would have no reluctance in changing schools or residences. In view of these facts, we find that no established custodial environment existed whereby the children looked naturally to plaintiff *alone* for guidance, discipline, the necessities of

life, and parental comfort over an appreciable period of time. Thus, the trial court could award custody, as it did, based upon a preponderance of the evidence as to the children's best interests.

Plaintiff further argues that the trial court failed to consider and evaluate all statutory best interest of the children factors, set forth at MCL 722.23; MSA 25.312(3), in making the custody determination. We disagree. A review of the court's decision makes it apparent that the court properly made findings on each of the factors and that none of its findings were against the great weight of the evidence. See *Scott v Scott,* 124 Mich App 448; 335 NW2d 68 (1983). Accordingly, the court's order granting custody of the children to defendant is affirmed.

Nonetheless, we agree with plaintiff that the trial court erred in setting the level of his child support obligation. Review of child support provisions in judgments of divorce is again made de novo by this Court. The exercise of discretion in such matters by a trial court, however, is generally presumed to be correct. *Dunn v Dunn,* 105 Mich App 793; 307 NW2d 424 (1981). The party challenging an order of child support bears the burden of showing an abuse of discretion by the trial court. *Id.,* p 797.

The determination of child support is for the court, not the parties. See, e.g., *Adamczyk v Adamczyk,* 155 Mich App 326; 399 NW2d 508 (1986). In determining the amount of child support to be paid, the court is to consider the needs of the children, *Kalter v Kalter,* 155 Mich App 99; 399 NW2d 455 (1986), lv den 428 Mich 862 (1987), and the parents' ability to pay, *Wilkins v Wilkins,* 149 Mich App 779; 386 NW2d 677 (1986). Additionally, the trial court may look to the parents' unexercised ability to earn. *Wilkins, supra.* The trial

court may never delegate to the friend of the court its judicial discretion in setting child support. See, *Campbell v Evans,* 358 Mich 128, 131; 99 NW2d 341 (1959). Support schedules prepared by the friend of the court are guides to the trial judge in determining child support which should not be used mechanically; each case must be decided on its own particular merits based upon facts shown in the testimonial record. *Boyd v Boyd,* 116 Mich App 774, 786; 323 NW2d 553 (1982), quoting *Meeker v Harrington,* 15 Mich App 125, 127; 166 NW2d 276 (1968).

In the instant case, the trial judge intentionally set no amount of child support to be paid. Instead, he ruled that the figure would be set in accordance with the friend of the court support schedule. He then instructed the attorneys to work out the support figure. The court ruled that, if they were unable to arrive at an acceptable figure, the matter would be referred to the friend of the court for resolution; either party could appeal from the friend of the court's finding to the trial court. Subsequently, at the hearing on plaintiff's motion for reconsideration for new trial, the judge learned that a written judgment of divorce had not been entered and that plaintiff had not, as of then, begun support payments. Consequently, he ordered plaintiff to prepare an interim order requiring plaintiff to pay $133 per week in child support, a figure chosen because it was contained in the proposed judgment and erroneously assumed to have been ordered. Finally, at the motion hearing held on August 26, 1985, the court ordered that plaintiff pay $136 a week in child support. While the court ostensibly took this figure from a recommendation made by the friend of the court, no such recommendation appears in the record. Indeed, by defendant's worksheet calculations, the

friend of the court schedule suggests plaintiff's child support contribution be set at $109 per week. Finally, the judge informed the parties that the friend of the court would have the power to reduce the award retroactively if it believed the initial figure was incorrect.

On this record, we are persuaded that the trial judge abused his discretion in setting child support by delegating the task to the parties and to the friend of the court. The trial judge never made any determination as to the income of the parties or their abilities to pay. He never assessed the needs of the children. Additionally, when he did finally set a figure, he did so by adopting, out-of-hand, the recommendation of the friend of the court—a recommendation based upon calculations which plaintiff has disputed. In light of the foregoing, we remand to the trial court for an evidentiary hearing and a proper determination of the amount of child support to be paid. On remand, consistent with the court's judgment, the support obligation shall be deemed to begin as of the date, after the 1984-85 school year, on which defendant assumed custody of the children and shall be abated by one-half for the eight-week periods during which the children have been in plaintiff's care. A support obligation in excess of defendant's request may be set if there is evidence that the children's needs warrant the same. *Hagbloom v Hagbloom*, 71 Mich App 257; 247 NW2d 373 (1976). If it is determined that plaintiff has paid more in child support than is appropriate, then he shall be credited for the amount of overpayment. Conversely, if it is determined that plaintiff has paid less child support than is appropriate, then he shall be ordered to pay the arrearage within a reasonable period of time as set by the trial court.

Plaintiff's remaining arguments require little

discussion. The trial court did not commit error requiring reversal when it found plaintiff in contempt for failure to return the children to defendant prior to the beginning of school. The judgment regarding custody of the children during the summer was unequivocally rendered in May, was clearly to be given immediate effect and was relied upon by the parties. It was thus effective upon pronouncement. See *Goldstein v Kern,* 82 Mich App 723; 267 NW2d 165 (1978). *Tiedman v Tiedman,* 400 Mich 571; 255 NW2d 632 (1977), upon which plaintiff relies, is distinguishable. See 400 Mich 575, n 1. For the same reason, plaintiff's argument regarding an automatic stay also fails. Plaintiff's further assertion, that the trial court abused its discretion in not declaring a mistrial based on the judge's illness, is without merit. Plaintiff never requested a mistrial on this basis and a review of the record reveals nothing to indicate that the judge was so incapacitated by a cold that he should have sua sponte done so.

Custody of the minor children with defendant is affirmed. Remanded for determination of plaintiff's child support obligation, consistent with this opinion. We do not retain jurisdiction. No costs. Defendant's request for attorney fees is denied.