ORLOWSKY v ORLOWSKY

Docket No. 101771. Submitted October 13, 1988, at Detroit. Decided
February 6, 1989.

Betty Orlowsky sought and was granted a divorce in 1983 from
James Orlowsky by the Macomb Circuit Court. Defendant was
granted custody of the two children of the marriage, and
plaintiff was ordered to pay child support in the amount of
$69.50 per week per child. In December, 1985, plaintiff moved
for a reduction in child support, citing as reasons for the
reduction her inability to meet her financial obligations, defen-
dant's increased income and her increased visitation expenses
occasioned by the move of defendant and the children to the
Washington, D.C., area. The matter was referred to the friend
of the court. Because of a change in policy in the office of the
friend of the court, the defendant's income was considered in
the reevaluation of the proper level of child support payment.
The friend of the court recommended that plaintiff's child
support obligation be reduced to $40.50 per week per child. The
trial court, Frederick D. Balkwill, J., following an evidentiary
hearing at which only a member of the office of the friend of
the court testified, adopted the recommendation of the friend of
the court and entered an order revising the level of child
support. Defendant appealed.

The Court of Appeals *held:*

The trial court abused its discretion by failing to exercise
independent judgment instead of merely adopting the recom-
mendation of the friend of the court. Further, neither the
increase in the defendant's income nor the change in the
method used by the friend of the court to evaluate the proper
level of child support was sufficient to justify the modification
of the level of child support.

Reversed.

1. DIVORCE — APPEAL — MODIFICATION OF DIVORCE DECREES — FIND-
INGS OF FACT.

Appellate review of divorce decree modifications is de novo, but

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1078 *et seq.*, 1087.

Change in financial condition or needs of parents or children as
ground for modification. 89 ALR2d 7.

the Court of Appeals nevertheless gives grave consideration to findings made by the trial court and will not reverse the trial court's decision unless it is convinced that it would have reached a different result had it occupied the trial court's position.

2. PARENT AND CHILD — CHILD SUPPORT.

An increase in the custodial parent's earnings, in and of itself, is not a change in circumstances justifying diminishment of the noncustodial parent's duty of support.

3. DIVORCE — CHILD SUPPORT — FRIEND OF THE COURT.

The determination of child support is for the trial court; a trial court may never delegate to the friend of the court its judicial discretion in setting child support; support schedules prepared by the friend of the court are guides to the trial court which should not be used mechanically; each case must be decided on its own particular merits based upon facts shown in the testimonial record.

*James Alle,* for plaintiff.

*Acevedo & Baggott* (by *Nancy L. Baggott*), for defendant.

Before: WEAVER, P.J., and MAHER and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Defendant, custodial parent of the parties' two minor children, appeals as of right from a lower court order of a reduction of plaintiff's weekly child support obligation. We reverse.

The marriage between the parties was dissolved by judgment of divorce entered on October 11, 1983, in Macomb Circuit Court. Defendant was granted custody of the parties' two minor children, and plaintiff was ordered to pay $69.50 per child per week toward the children's support. Plaintiff appealed the property disposition and child custody provision of the judgment to this Court. This

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court affirmed the lower court's judgment. Unpublished opinion per curiam of the Court of Appeals, decided September 25, 1984 (Docket No. 74442). Our Supreme Court denied leave to appeal by order dated May 10, 1985. 422 Mich 883 (1985).

Plaintiff moved for reduction in her child support payments on January 14, 1986. In support of her motion, plaintiff cited her inability to meet her current financial obligations, defendant's increase in income due to a job promotion, and her increased visitation expenses due to defendant's move to Washington, D.C., with the children. She also argued that defendant's income had not been considered in establishing the current child support obligation. The friend of the court considered these arguments and recommended a reduction of plaintiff's weekly child support obligation to $40.50 per child. The sole reason for this recommendation was a change in the policy of the office of the friend of the court to considering the custodial parent's income when calculating its recommendation for child support. Defendant's income had not been taken into account in the friend of the court's initial recommendation for child support.

The trial court ruled that the change in the policy of the friend of the court constituted a change in circumstances justifying a reduction in plaintiff's weekly support obligation to the $40.50 per child recommended by the friend of the court.

On appeal, defendant argues that the trial court's decision to reduce plaintiff's child support obligation was an abuse of discretion. We agree.

We review a trial court's order modifying a child support obligation for abuse of discretion. *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982). Appellate review of divorce decree modifications is de novo. However, this Court will nevertheless "give grave consideration" to the findings made by

the trial court and will not reverse unless it is convinced it would have reached a different result had it occupied the trial court's position. *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980).

A trial court has the power to modify orders for child support upon a showing by the petitioning party of a change in circumstances sufficient to justify modification. MCL 552.17; MSA 25.97. This Court has held that an increase in the custodial parent's income alone is not sufficient grounds for reducing the noncustodial parent's obligation. *Copeland v Copeland,* 109 Mich App 683; 311 NW2d 452 (1981). Further, a trial court may not delegate to the friend of the court its judicial discretion in setting child support. *Hoke v Hoke,* 162 Mich App 201, 207; 412 NW2d 694 (1987). Support schedules prepared by the friend of the court are guides for the trial judge in determining child support, but they should not be used mechanically; each case must be decided on its own particular merits based upon facts shown in the testimonial record. *Id.,* citing *Boyd v Boyd,* 116 Mich App 774, 786; 323 NW2d 553 (1982); *Meeker v Harrington,* 15 Mich App 125, 127; 166 NW2d 276 (1968).

We find that the trial judge abused his discretion in the instant case by ordering a reduction in plaintiff's child support obligation. The trial court must make its own independent determination based on the facts as to whether a reduction in a party's child support obligation is warranted. The instant trial judge deferred completely to the friend of the court's recommendation and thus abused his discretion. Further, our review of the record leads us to conclude that had we occupied the trial court's position we would have found that the reduction in plaintiff's child support obligation was not justified.

In the instant case, the trial judge ordered a reduction in plaintiff's child support obligation based on the recommendation of the friend of the court. The friend of the court's recommendation was based solely on a change in the friend of the court's policy guidelines so that the custodial parent's income would be taken into account. A change in the friend of the court's policy guidelines is not a change in circumstances which would justify a reduction in the child support obligation. Neither is an increase in the custodial parent's income, as argued by plaintiff, alone sufficient grounds to justify reduction in the child support obligation. Indeed, our review of the record indicates that *both* parents' incomes increased at approximately the same level during the period following their divorce. Clearly there was no change in circumstances between the parties justifying a reduction in plaintiff's child support obligation.

The lower court order reducing plaintiff's child support obligation is reversed.