CARLSTON v CARLSTON

Docket No. 111581. Submitted August 15, 1989, at Detroit. Decided
      March 5, 1990.

      Georgia K. Carlston, now Georgia K. Flak, obtained a judgment
      of divorce from Donald Carlston in the Muskegon Circuit Court.
      Under the terms of the judgment, custody of the parties' two
      children was awarded to plaintiff and defendant was ordered to
      pay child support set at thirty-six percent of his annual net
      income, but not exceeding $225 per week. The judgment also
      provided for a twenty-five percent reduction in child support
      upon plaintiff's remarriage. Plaintiff subsequently notified de-
      fendant of her intent to remarry. Defendant reduced his child
      support payments to seventy-five percent of his maximum
      weekly obligation. Plaintiff thereafter filed a petition for an
      increase in child support. The court, Michael E. Kobza, J.,
      denied the petition. Plaintiff appealed.

            The Court of Appeals *held:*

            A trial court has the statutory power to modify an order for
      child support upon a showing by the petitioning party of a
      change in circumstances sufficient to justify modification. In
      this case, the trial court failed to permit plaintiff an opportu-
      nity to demonstrate that a change in circumstances warrants
      an increase in child support. On remand, the trial court shall
      conduct a hearing to determine whether a change in circum-
      stances has occurred. Those provisions in the judgment which
      set a limit on the amount of child support and provide for a
      reduction upon plaintiff's remarriage are not binding on the
      trial court as they are usurpative of the trial court's statutory
      power with regard to modification of child support orders.

            Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
      A trial court has the statutory power to modify an order for child
         support upon a showing by the petitioning party of a change in

REFERENCES
Am Jur 2d, Divorce and Separation §§ 1078, 1084, 1088, 1091.
Remarriage of parent as basis for modification of amount of child
      support provisions of divorce decree. 89 ALR2d 106.

circumstances sufficient to justify modification (MCL 552.17; MSA 25.97).

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

Modification of child support orders is within the discretion of the trial court; the court must consider both the needs of the child and the parents' ability to pay.

3. DIVORCE — CHILD SUPPORT.

Parties to a divorce action may not bargain away their child's right to receive adequate child support and they may not usurp the trial court's statutory authority to order payment of support by agreeing to a limit in the amount of support; provisions which attempt to put a ceiling on the amount of support available in the future are unenforceable and should not be made part of the divorce judgment.

4. DIVORCE — CHILD SUPPORT — MODIFICATION OF SUPPORT — REMARRIAGE.

A provision in a judgment of divorce which reduces child support solely upon remarriage of the custodial parent and without a showing of a change in circumstances justifying the reduction is unenforceable.

*Potuznik, Spaniola, Wilson, Nolan & Hermanson, P.C. (by Dennis V. Potuznik), for plaintiff.*

*Parmenter, Forsythe, Rude, Van Epps, Briggs & Fauri (by George D. Van Epps), for defendant.*

Before: MACKENZIE, P.J., and MARILYN KELLY and T. M. BURNS,* JJ.

MARILYN KELLY, J. Plaintiff appeals as of right the trial court's denial of her motion to increase child support and to hold defendant in contempt for failing to pay child support as ordered. We reverse.

On May 6, 1987, a judgment of divorce was entered in this matter containing the following provision:

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, Donald Carlston, shall pay to the Plaintiff, Georgia K. Carlston, DIRECTLY, in advance, for the support and maintenance of the minor children of the parties hereto, namely:

Branden Brian Carlston, DOB: 1/05/75

Shannon Kay Carlston, DOB: 08/08/78

Thirty-Six (36%) Per Cent of his yearly net income from his real estate commissions at his place of employment, said net to be calculated taking into consideration Defendant's federal, state and FICA deductions and Three (3) dependants [sic], BUT IN ANY EVENT said amount of support shall not exceed $225.00 per week and the parties shall cooperate and attempt to determine every 90 days the correct amount of support based on said aforementioned 36% net for proper adjustment, commencing on the date hereof, until said minor children have finished their high school education, reached the age of eighteen years, whichever is the later, or, in exceptional circumstances, until further Order of this Court; PROVIDED, FURTHER, that upon Plaintiff's remarriage, dejure [sic] or defacto [sic], Defendant's child support obligation shall reduce by Twenty-five (25%) Per Cent.

In November, 1987, plaintiff notified defendant that she was remarrying and that defendant should reduce the support obligation by twenty-five percent. Defendant did so by paying seventy-five percent of $225 from November, 1987, to the present time. During 1986, defendant's income was approximately $30,000 to $40,000. In 1985 and 1987, it was approximately $60,000, and defendant projected that his earnings for 1988 would be in excess of $60,000. On May 3, 1988, plaintiff filed a petition for contempt and to amend the judgment to increase child support. On August 26, 1988, the trial court entered an order denying the relief sought and affirming the judgment of divorce,

agreeing with defendant's interpretation of the above provision.

Plaintiff first claims that defendant's child support obligation should be modified, because she has shown a change in circumstances based on defendant's increase in income. A trial court has the statutory power to modify orders for child support upon a showing by the petitioner of a change in circumstances. MCL 552.17; MSA 25.97; *Haefner v Bayman,* 165 Mich App 437, 444; 419 NW2d 29 (1988). The modification is within the discretion of the trial court. *Haefner, supra; Jacobs v Jacobs,* 118 Mich App 16, 20; 324 NW2d 519 (1982). The court must consider both the needs of the child and the parents' ability to pay. *Haefner, supra; Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987).

In the present case, the trial judge acknowledged his authority to modify child support. He found that an increase in income from $40,000 to $60,000 was a substantial change. He also noted that he must consider the needs of the children and stated he would allow the parties to address the issue of need. Soon after, however, he ruled on the need issue without further testimony. The judge erred when he failed to permit plaintiff the opportunity to demonstrate increased need. This is especially true in light of the fact that plaintiff had compelling evidence of defendant's increased ability to pay.

Plaintiff also contends that the trial judge did not properly interpret the child support provision in the judgment of divorce. She urges the twenty-five percent reduction in child support based on plaintiff's remarriage should be subtracted from thirty-six percent of defendant's yearly income and not from the $225 maximum specified.

The trial judge correctly recognized that he has

the discretion to raise support above the $225 per week ceiling agreed upon by the parties when the judgment was entered. This provision is not binding on the court. The purpose of child support is to meet the needs of the child. Parents may not bargain away a child's right to receive adequate support. *Johns v Johns,* 178 Mich App 101, 106; 443 NW2d 446 (1989). The parties may not usurp the court's statutory authority by agreeing to a limit in the amount of support. Provisions which attempt to put a ceiling on the amount of support available in the future are unenforceable and misleading to any who rely on them. They should not be included in the divorce judgment. Therefore, the judge is not bound either by the formula or the ceiling.

Finally, we note that the provision which makes the amount of child support contingent upon one party's remarriage also is not binding upon the court for the same reasons. See *Beverly v Beverly,* 112 Mich App 657; 317 NW2d 213 (1981). It is presumptuous. It assumes that a custodial mother will be in a better financial position and be capable of meeting a greater share of her child's monetary needs simply because of remarriage. Moreover, as noted above, it is well settled that a party's child support obligation may not be modified absent a showing of a change in circumstances. The child support provision in this case completely abrogates that requirement. It proclaims effectively that remarriage of the custodial mother itself constitutes a change in circumstances. It ignores the need for a determination that the remarriage has in fact led to an increased ability to pay. A party's remarriage is only one of the facts which the court needs to weigh in order to determine whether it is in the child's best interest to lower support. *McCarthy v McCarthy,*

74 Mich App 105; 253 NW2d 672 (1977); *Rutledge v Rutledge,* 96 Mich App 621; 293 NW2d 651 (1980).

Defendant states in his appellate brief that the child support provision was based on the Muskegon County Friend of the Court support guidelines in effect when the provision was drafted. If that is correct, and if similar guidelines are still in effect, we urge an immediate revision ending automatic reduction in child support upon the remarriage of a custodial mother. We caution trial judges not to include such provisions in divorce judgments.

We reverse and remand for a hearing to determine whether a change in circumstances has occurred. If it has, the revised support level should be based on the children's needs and the parents' ability to pay. The judge is not bound by the $225 ceiling.

Reversed.