EDWARDS v EDWARDS

Docket No. 119768. Submitted February 13, 1991, at Detroit. Decided
     January 21, 1992, at 9:55 A.M.

   Karen E. Edwards was granted a divorce from Michael J. Ed-
   wards in the Wayne Circuit Court, and custody of the parties'
   two minor children was awarded to the plaintiff. The defendant
   was ordered to pay $125 a week child support, which was later
   modified to $160 a week. On November 13, 1987, the plaintiff
   moved for an increase in child support and for attorney fees.
   The defendant responded with a motion to change custody.
   Although the child support guidelines set support at $295 a
   week for two children, the friend of the court recommended
   that the support level be modified to $277 a week. In June
   1989, the court, Marvin R. Stempien, J., entered an order
   increasing the child support to $240 a week, with the increase
   retroactive to November 7, 1988. The court ordered the defen-
   dant to pay $3,000 in costs and attorney fees, instead of the
   $5,336 requested by the plaintiff. The defendant's motion to
   change custody was adjourned for resolution at a later date.
   The plaintiff appealed.

      The Court of Appeals held:

      1. The plaintiff, by failing to challenge in the trial court the
   friend of the court's child support recommendation or the
   method of its calculation, failed to preserve for review the issue
   whether the recommendation was erroneous.

      2. The evidence concerning the needs of the children and the
   disparity in the parties' incomes indicates that the child sup-
   port award was insufficient and an abuse of discretion.

      3. The court erred in awarding increased child support retro-
   active to November 1988 rather than to November 1987, the
   date of the plaintiff's petition, and in awarding plaintiff only a
   portion of her attorney fees. The court acknowledged that the
   previous support level was unreasonably low, that there was

REFERENCES

Am Jur 2d, Appeal and Error § 868; Divorce and Separation
     §§ 1078, 1091.
See the Index to Annotations under Appeal and Error; De Novo
     Proceedings.

evidence that the plaintiff was forced to nearly deplete her retirement annuity because of the insufficiency of the previous support order, that there is a vast disparity between the plaintiff's household income and the defendant's, and that there is some indication that both the plaintiff's attorney fees and the delay in ordering increased child support were caused in part by the defendant's adjourned request for a change in custody.

Reversed and remanded for redetermination of child support retroactive to November 1987 and an award of $5,336 in attorney fees to the plaintiff.

GRIFFIN, J., dissenting, stated that the increase in child support was not so low that it constituted an abuse of discretion, that there was no abuse of discretion in the circuit court's refusal to make the increase fully retroactive or its decision to award the plaintiff only a portion of her attorney fees, and that the trial court expressly stated that this action was not unreasonably delayed by the actions of either party.

DIVORCE — CHILD SUPPORT — APPEAL — DE NOVO REVIEW.

All relevant factors should be considered by a trial court entertaining a petition for modification of child support; the trial court's findings of fact are reviewed under the clearly erroneous standard, and the court's ultimate disposition is subject to review de novo; the Court of Appeals, upon review de novo, will not reverse that disposition unless convinced that it would have reached a result different from the trial court's.

*Judith Dennehy Doran, P.C.* (by *Judith Dennehy Doran*), for the plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Daniel M. Clark*), for the defendant.

Before: MACKENZIE, P.J., and GRIBBS and GRIFFIN, JJ.

MACKENZIE, P.J. The plaintiff-mother appeals as of right from an order modifying child support and awarding attorney fees. We reverse.

The parties were divorced in 1979. Plaintiff was awarded custody of the parties' two minor children, Michelle (born November 7, 1973) and Michael (born May 31, 1977). The defendant-father

was ordered to pay child support of $62.50 a week for each child.

In October 1981, the amount of support was increased to $80 a week for each child, or a total of $160 a week for both children.

Six years later, on November 13, 1987, plaintiff filed the instant motion for an increase in child support and for attorney fees. Defendant responded with a motion to change custody. Plaintiff requested $300 a week for both children, retroactive to the filing of her motion. Defendant indicated a willingness to pay, prospectively, $200 a week for both children. Although the child support guidelines set support at $295 a week, the friend of the court eventually recommended that the support level be modified to $277 a week for both children.

Following a June 1989 hearing, the trial court concluded that support should be set at $120 a week for each child, or a total of $240 a week for both children, with the increase retroactive to November 7, 1988. Additionally, the court denied plaintiff's request for $5,336 in attorney fees, instead ordering defendant to pay $3,000 in costs and attorney fees. Defendant's motion to change custody was adjourned for resolution at a later time.

On appeal, plaintiff first argues that the friend of the court's child support recommendation, which was less than the amount recommended by the child support guidelines, was erroneous. A review of the record and the file indicates that plaintiff did not challenge the recommendation or the friend of the court's method of calculation in determining the appropriate level of support. The issue is therefore not properly preserved. *Bajis v Dearborn,* 151 Mich App 533; 391 NW2d 401 (1986).

Plaintiff next argues that the trial court's child support award, which was also less than the guidelines' recommendation, constituted an abuse of discretion. We agree.

A trial court has the power under MCL 552.17; MSA 25.97 to modify a child support order upon a showing by the petitioning party of a change in circumstances justifying modification. *Sayre v Sayre,* 129 Mich App 249; 341 NW2d 491 (1983). Such modification is within the sound discretion of the court. *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982). When entertaining a petition for modification, all relevant factors should be considered, including the father's income, the mother's income, and the needs of the children. *Sayre, supra.* The trial court's findings of fact are reviewed under the clearly erroneous standard. See *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). However, the court's ultimate disposition is subject to de novo review. See *Schubring v Schubring,* 190 Mich App 468; 476 NW2d 434 (1991); *Burkey v Burkey (On Rehearing),* 189 Mich App 72; 471 NW2d 631 (1991). See also *Beason, supra,* p 798. Upon de novo review, this Court will not reverse that disposition unless convinced we would have reached a different result in the trial court's place. *Burkey, supra,* p 78. We note that, effective October 10, 1990, the trial court may enter an order that deviates from the friend of the court support formula only if it determines that application of the formula would be unjust or inappropriate. See MCL 722.27(2); MSA 25.312(7)(2), as amended by 1990 PA 245, § 1.

In this case, plaintiff testified that she was employed as a public school teacher. Her gross income in 1988 was $41,497. Plaintiff contributes $75 each pay period to a retirement annuity plan. At the time of the hearing, she had $10 in savings.

Plaintiff has a mortgage on her home, a car loan, and owes money to twelve stores and financial institutions.

The parties' younger child, Michael, is enrolled in school at St. Scholastica. His tuition and fees are approximately $2,000 a year. He also attends a "latchkey program" costing $90 a month. Plaintiff pays for his transportation to and from school. Both Michael and Michelle are involved in several extracurricular activities requiring some expense. Additionally, Michelle has weekly piano lessons. Michelle took dance classes and Michael took piano lessons until 1988, when they became too expensive. Michael would also like to take karate lessons.

Plaintiff is enrolled in a master's degree program at Michigan State University. According to plaintiff, the degree is required by the state to maintain her position with the school system. In order to cover her tuition expense and Michael's tuition, plaintiff was forced to withdraw almost $5,500 of her $6,200 retirement annuity.

Defendant has moved to Texas, where he is a manager employed by IBM Corporation. He pays the cost of transportation when the children visit him. Defendant had a 1988 gross income of $89,975, plus a contribution of $1,836 to a 401(k) plan. He has remarried and his new wife, also a manager at IBM, earns approximately $61,700 a year. They have no children. They have two cars, a Mercedes and a BMW. Their mortgage payment is $5,000 a month, or $1,250 a week. Additionally, defendant has an $11,000 debt consolidation loan and balances on three charge cards. According to defendant, he has $300 in savings.

On the basis of the evidence, we believe that the trial court abused its discretion in setting support at $240 a week for both children, and we are

convinced that we would have reached a different result in the trial court's place. The evidence indicates that these are two active teen-agers. According to the testimony, their educational and extracurricular activities alone cost more than $100 a week. They have incidental expenses, and of course they must be fed, clothed, and sheltered. The guidelines' recommendation, although not then mandatory, was $295 a week for both children. Plaintiff's annual income was less than half of defendant's personal income. It was approximately $110,000 less than defendant's household income. See *Beverly v Beverly,* 112 Mich App 657; 317 NW2d 213 (1981); *Carlston v Carlston,* 182 Mich App 501; 452 NW2d 866 (1990). We think that, under the circumstances of this case, including the needs of the children and the disparity in the parties' incomes, the trial court's child support award was insufficient.

Finally, we agree with plaintiff that the trial court erred in awarding increased support retroactive to November 1988 rather than to November 1987, the date of her petition, and in awarding plaintiff only a portion of her attorney fees. The trial court acknowledged that the previous support level of $160 a week for both children was unreasonably low. There was evidence that because of the insufficiency of the previous support order, plaintiff was forced to nearly deplete her retirement annuity. As noted above, there is a vast disparity between plaintiff's household income and defendant's. Moreover, there is some indication that both plaintiff's attorney fees and the delay in ordering increased child support were caused in part by defendant's adjourned request for a change in custody. Under these circumstances, we conclude that increased support should be retroactive to the date the petition was filed. See *Johns v*

*Johns,* 178 Mich App 101; 443 NW2d 446 (1989). We also agree with plaintiff that the trial court abused its discretion in awarding plaintiff only a portion of her attorney fees. See *Bone v Bone,* 148 Mich App 834; 385 NW2d 706 (1986).

Reversed and remanded for redetermination of child support retroactive to November 1987 and award of $5,336 in attorney fees to the plaintiff. We retain no further jurisdiction.

GRIBBS, J., concurred.

GRIFFIN, J. *(dissenting).* I respectfully dissent. I cannot agree with my colleagues that the $80 a week increase in child support was so low that it constitutes an abuse of discretion. Further, I find no abuse of discretion in either the circuit court's refusal to make the increase fully retroactive or its decision to award plaintiff only a portion of her attorney fees. Accordingly, I would affirm the order of modification in all respects.

As noted by the majority, plaintiff was previously receiving $160 a week in child support for both children. The record reflects that plaintiff was seeking an increase to $300 to $350 a week. In response, defendant offered to pay $200 a week. As noted by the majority, the guidelines recommended $295 a week and the friend of the court recommended $277 a week. Ultimately, the circuit court awarded $240 a week. It therefore appears that the court reached a middle ground with respect to the amount of support, and I see no error in how it did so.

At the hearing below, plaintiff testified that she was seeking an increase in support to cover only the cost of piano lessons for both children, dance lessons for Michelle, and private schooling for Michael. Plaintiff further testified regarding the

cost of these activities. Using plaintiff's figures, the total cost of these activities amounts to $5,556 a year. The court ordered an increase of $80 a week in child support, which amounts to $4,160 a year ($80 times 52 weeks). This, in turn, amounts to seventy-five percent of the cost of the new activities.[1] Even though the parties' incomes are disparate, plaintiff does earn in excess of $41,000 annually, and I am not convinced that it was error for the trial court to fashion a result that requires plaintiff to pay a small portion of the dance lessons, piano lessons, and private schooling.

Although our review in these matters is technically de novo, an award of child support rests in the sound discretion of the trial court, and its exercise of discretion is presumed to be correct. See *Thames v Thames,* 191 Mich App 299, 306; 477 NW2d 496 (1991), citing *Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987). A modification of support should not be reversed unless the challenging party shows a clear abuse of discretion that convinces this Court that it would have reached a different result. *Aussie v Aussie,* 182 Mich App 454, 463; 452 NW2d 859 (1990); also see *Burkey v Burkey (On Rehearing),* 189 Mich App 72; 471 NW2d 631 (1991) (abuse of discretion not the standard of review; "different result" test employed). In this case, the trial court's opinion is well reasoned. The court thoroughly considered the relevant factors before it, including both parties' earning capacity and their ability to pay. The court also found plaintiff's $300 request unreasonable in light of the fact that defendant pays the children's transportation costs to Texas for visits,

---

[1] I acknowledge that defendant's support payments abate fifty percent anytime the children visit him for more than six consecutive nights. However, plaintiff's cost of providing for the children on a daily basis also abates during these visits.

as well as all uninsured medical expenses.[2] There is no abuse of discretion indicated on this record.

With regard to the issues of attorney fees and retroactivity of the support order, I likewise find no abuse of discretion. The majority relies on the "indication" that defendant's petition for custody caused the delay in getting the support issue resolved. This is directly contrary to the trial court's expressed finding that this action was not unreasonably delayed by the actions of either party. The court also, once again, expressly considered the parties' financial positions. I find no abuse of discretion and accordingly would affirm.

---

[2] Defendant testified that it currently costs him a minimum of $1,200 annually to fly the children to Texas for visits and that each child has a $250 health insurance deductible.