DEAL v DEAL

Docket Nos. 126553, 149033. Submitted August 5, 1992, at Detroit.
Decided January 19, 1993, at 9:00 A.M.

Esther Deal was granted a divorce from Alan Deal by the
Oakland Circuit Court. She was awarded custody of their three
minor children, and he was awarded reasonable visitation and
ordered to pay child support. The court, Robert C. Anderson, J.,
acting upon a petition by Alan Deal, subsequently entered an
order modifying the visitation and child support provisions. The
court also found Alan Deal in contempt of court for failure to
pay child support and ordered him committed to the county jail
for thirty days or until he paid $1,000. He promptly paid the
$1,000. Esther Deal appealed from the order modifying the
visitation and child support provisions of the judgment. Alan
Deal appealed from the order finding him in contempt of court.
The appeals were consolidated.

The Court of Appeals *held*:

1. Esther Deal did not preserve for appellate review the issue
whether the parties' Orthodox Jewish marriage contract was
enforceable.

2. The trial court did not abuse its discretion in modifying
the visitation provisions as being in the best interests of the
children.

3. The trial court did not err in modifying the child support
provision of the judgment of divorce.

4. Alan Deal was not denied due process with regard to the
hearing regarding the child support arrearage, and the trial
court did not abuse its discretion in entering the contempt
order.

Affirmed.

*Abraham Selesny,* for Esther Deal.

*Katherine L. Barnhart, P.C.* (by *Katherine L. Barnhart* and *Constance J. Allen*), for Alan Deal.

*Victor, Robbins & Bassett* (by *Scott Bassett*), Guardian Ad Litem for the minor children.

Before: Corrigan, P.J., and Michael J. Kelly and Griffin, JJ.

Michael J. Kelly, J. In Docket No. 126553, plaintiff, Esther Deal, appeals as of right from the February 20, 1990, order of the Oakland Circuit Court modifying the terms of the parties' default judgment of divorce with regard to visitation and child support. In Docket No. 149033, defendant, Alan Deal, appeals as of right from the January 15, 1992, order of the Oakland Circuit Court holding him in contempt of court for failure to pay child support. Defendant was sentenced to thirty days in jail, to be suspended upon payment of $1,000. These matters have been consolidated on appeal.

Plaintiff and defendant, Orthodox Jews, were married in 1982. Three children were born of the marriage. The parties began to experience marital difficulties, and then permanently separated in 1986. Thereafter, defendant discontinued the orthodox life style of his upbringing. Plaintiff filed for divorce early in 1988.

On December 23, 1988, a default judgment of divorce was entered. Plaintiff was awarded custody of the minor children and defendant was awarded "reasonable" visitation. In April 1989, plaintiff remarried and subsequently moved to Cleveland, Ohio, with the minor children and her new husband. Defendant then filed a petition to modify the visitation and child support provisions of the judgment of divorce. An evidentiary hearing was held, and the trial court entered an order modifying visitation and child support. In particular, the order provided that defendant was to have weekend visitation once a month from Friday to Sunday at his residence in Michigan, that he was to have an additional Sunday visitation each month

in Ohio, and that he was to have visitation on certain religious holidays and over Father's Day weekend. The order also reduced defendant's child support obligation from $198 a week to $150 a week.

First, we hold that plaintiff has not preserved the issue of enforcement of the parties' Orthodox Jewish marriage contract. Plaintiff failed to request specific performance of the contract of marriage in the court below and the contract itself was not introduced into evidence and is not a part of the record before us. Issues raised for the first time on appeal are not subject to appellate review. *People v Malone,* 193 Mich App 366; 483 NW2d 470 (1992).

Plaintiff next argues that the trial court erred in modifying visitation. Plaintiff argues that the modified visitation arrangement is not in the children's best interests because it will interfere with observance of the Sabbath. The Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.,* governs child custody disputes between parents. Our review of a visitation order is de novo, but we will not reverse the order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or committed a clear legal error. *Booth v Booth,* 194 Mich App 284, 292; 486 NW2d 116 (1992); *Thames v Thames,* 191 Mich App 299, 305; 477 NW2d 496 (1991).[1] Visitation shall be granted if it is in the best interests of the child and in a frequency, duration, and type reasonably calculated to promote a strong relationship between the parent and the child. MCL 722.27a(1); MSA

[1] The term "de novo" as applied in review proceedings has been the subject of recent treatment by the Supreme Court in *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe,* 441 Mich 110; 490 NW2d 337 (1992).

25.312(7a)(1); *Booth, supra* at 292. The controlling factor in determining visitation rights is the best interests of the child. *Thames, supra* at 305-306.

Review of the record convinces us that the trial court did not abuse its discretion in modifying defendant's visitation days and dates. Restriction of visitation to Sundays only would not have provided enough time for the children to be with defendant, and permitting the children to stay with defendant until Monday morning would have disrupted the children's schooling as well as defendant's work schedule. Although a psychologist did testify that it would be preferable to leave the children with plaintiff on the Sabbath, he admitted that the failure to do so would not result in harm to the children. We believe that the trial court's order is in the best interests of the children and is not an abuse of discretion.

Plaintiff next argues that the trial court erred in modifying the child support provision of the judgment of divorce. We disagree.

A trial court may modify a child support order upon a showing of a change in circumstances justifying modification. MCL 552.17; MSA 25.97; *Edwards v Edwards,* 192 Mich App 559, 562; 481 NW2d 769 (1992). Modification of child support is within the sound discretion of the trial court. The trial court's findings of fact are reviewed under the clearly erroneous standard, but the court's ultimate disposition is subject to review de novo.[2] *Id.*

[2] Whether that standard now encompasses the reviewing court's power to substitute its judgment is problematical under *Dep't of Civil Rights,* n 1 *supra:* "To give meaning to the term 'de novo,' we must hold that a circuit court, in reviewing a decision of the Civil Rights Commission, may substitute its assessment for the findings, conclusion, and decision of the Civil Rights Commission." *Id.* at 116. Query: Does analogous review of a decision of a circuit court by the Court of Appeals permit similar displacement? Because we do not have a different assessment of the findings in this case, we decline to explore that issue.

This Court will not reverse that disposition unless we are convinced we would have reached a different result in the trial court's place. *Id.*

After reviewing the record in this matter, we are not convinced we would have reached a different result in the trial court's place, and, therefore, we affirm the modification of defendant's child support obligation.

Next, with regard to the cross appeal, we find no merit in defendant's argument that he was denied due process at the hearing on plaintiff's motion for an order to show cause why defendant continued to be in arrears in child support payments. Defendant had notice of the nature of the proceedings and an opportunity to be heard in a meaningful time and manner by an impartial decision maker. *Klco v Dynamic Training Corp,* 192 Mich App 39, 42-43; 480 NW2d 596 (1991).

Defendant next argues that the trial court abused its discretion in issuing the January 15, 1992, commitment order. We disagree.

The issuance of an order of contempt is in the sound discretion of the trial court and will be reviewed for an abuse of discretion. *Wells v Wells,* 144 Mich App 722, 732; 375 NW2d 800 (1985). An order of commitment shall be entered only if other remedies appear unlikely to correct the payer's failure or refusal to pay support. MCL 552.637; MSA 25.164(37); *Mead v Batchlor,* 435 Mich 480, 505; 460 NW2d 493 (1990).

After reviewing the record in this matter, we do not find that the trial court abused its discretion in entering the contempt order. Defendant promptly paid the $1,000 alternative and avoided confinement. To the extent that the amount ordered to be paid exceeded four weeks of payments under the support order, MCL 552.633; MSA 25.164(33), we find that defendant's counsel admit-

ted defendant's ability to pay and, in fact, represented that her client was making the regular support payments. For any other purpose the matter is moot. There was a subsequent show cause hearing in May of 1992, and we decline to redirect the trial court to a prior proceeding.

Affirmed.