GONZALEZ v GONZALEZ

Docket No. 59983. Submitted June 7, 1982, at Grand Rapids. — Decided September 30, 1982.

Plaintiff, Ruth Ann Gonzalez, was divorced from defendant, Rogelio Gonzalez, by the Oceana Circuit Court. At that time, they had one child, and defendant was ordered to pay child support. In July, 1981, defendant was $1,600 in arrears. He had been unemployed for over a year and a half and his sole source of income was ADC benefits for his daughter by a subsequent marriage. The court ordered defendant to pay to the friend of the court $90 within 10 days or spend 60 days in jail. On rehearing, the court, Terrence R. Thomas, J., ordered defendant to pay $90 within 10 days or spend 90 days in jail. Defendant appealed. *Held:*

1. The statute providing for enforcement of support orders by contempt requires that the court be satisfied that the party is of sufficient ability to comply or that by the exercise of diligence could be of sufficient ability. It is not within the power of a court to order child support payments to be paid from ADC benefits.

2. A defendant, if incarcerated for civil contempt for failure to comply with an order for child support, must be placed in a position of holding in hand "the keys to the jail". His term of incarceration must be indefinite within the one-year maximum provided by statute.

Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — PAUPERS — ADC BENEFITS.

It is not within the power of a court to order child support payments to be paid from ADC benefits.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 827.

[2] 24 Am Jur 2d, Divorce and Separation § 867.

Pleading and burden of proof, in contempt proceedings, as to ability to comply with order for payment of alimony or child support. 53 ALR2d 591.

[3] 17 Am Jur 2d, Contempt § 40.

24 Am Jur 2d, Divorce and Separation §§ 865, 868.

2. Parent and Child — Child Support — Contempt.
   The statute providing for enforcement of support orders by con-
   tempt requires that the court be satisfied that the party is of
   sufficient ability to comply or that by the exercise of diligence
   could be of sufficient ability (MCL 552.201; MSA 25.161).

3. Parent and Child — Child Support — Contempt.
   A defendant, if incarcerated for civil contempt for failure to
   comply with an order for child support, must be placed in a
   position of holding in hand "the keys to the jail"; his term of
   incarceration must be indefinite within the one-year maximum
   provided by statute (MCL 552.201; MSA 25.161).

Legal Aid of Western Michigan (by *Tom Stel-
lard),* for defendant.

Before: D. F. Walsh, P.J., and Allen and T.
Gillespie,* JJ.

Per Curiam. Ruth Ann Gonzalez was divorced
from Rogelio Gonzalez on October 23, 1978, in
Oceana County. They had one daughter, Carrie
Ann, who was born October 19, 1975. Child sup-
port was originally set at $15 a week. The defen-
dant, at the time of the hearing in July, 1981, was
$1,600 delinquent in child support payments. He
has remarried and lives with his current wife,
their daughter and her son.

The defendant has been unemployed since 1979,
having been fired from his last employment. His
sole support is $454 per month from ADC benefits
and his personal property consists of a 1970 Chev-
rolet worth "roughly $100". He has a third-grade
education. His first language is Spanish and he did
not learn English until he was 18 years old. He is
now 33 years of age. He has studied auto mechan-
ics but is not certified and has no tools.

At a session of the Oceana County Circuit Court
held in July, 1981, the defendant was ordered to

* Circuit judge, sitting on the Court of Appeals by assignment.

serve 60 days in the county jail unless he paid $90 to the friend of the court within 10 days.

On August 31, 1981, Legal Aid of Western Michigan filed a motion for reconsideration of the order and additionally moved for a reduction of child support. A hearing was set on September 9, 1981. Following this hearing, the court denied defendant's motions and entered an order that defendant pay $90 within 10 days or go to jail for 90 days. The defendant's attorney indicated that the defendant was prepared to appeal such an order. The court required a $90 appeal bond. This Court stayed the circuit court order and allowed immediate consideration without bond.

The trial court was no doubt feeling the frustration common among circuit judges when they are called upon to enforce child support orders in cases where a divorced party acquires a second family without the ability to meet support obligations to the first family.

However, the errors which were made were several.

First, while the trial judge made it clear in his statements that he did not expect the defendant to pay the ordered child support payments from the ADC grant, it appears from the record that the defendant had no other means of support. The statute, of course, forbids alienation of ADC funds. MCL 400.63; MSA 16.463. When no other means of support exists, such an order is not within the power of the court. *Causley v LaFreniere,* 78 Mich App 250, 252-253; 259 NW2d 445 (1977).

The trial judge could not have intended a criminal contempt for if so, he would have opened up a panoply of rights which were not here observed. For example, no affidavit and order to show cause were filed to begin the proceedings as required by

GCR 1963, 760.1. The defendant was required to testify and he was not proven contumacious beyond a reasonable doubt. *Jaikins v Jaikins,* 12 Mich App 115, 121; 162 NW2d 325 (1968). Yet, the court did order a 90-day sentence which did not provide for release upon compliance. This was in excess of the 30 days allowed under the general contempt statute. MCL 600.1701(5); MSA 27A.1701(5) and MCL 600.1715; MSA 27A.1715.

The specific statute governing failure to support children is MCL 552.201; MSA 25.161. This statute requires that the court be satisfied that "the party is of sufficient ability to comply with said order, or by exercise of diligence could be of sufficient ability."

The trial judge may have found such fact but it was not disclosed by his order and an independent reading of the record does not disclose such ability except by diversion of his ADC grant.

Also, the statute on contempt for failure to pay child support does not provide for a finite sentence, but is a civil statute, coercive in nature, for which the sentence terminates upon compliance or within one year. The procedures under this statute were explained by the Supreme Court in *Sword v Sword,* 399 Mich 367; 249 NW2d 88 (1976). See, also, *Borden v Borden,* 67 Mich App 45, 48-49; 239 NW2d 757 (1976), and *Butler v Butler,* 80 Mich App 696, 700; 265 NW2d 17 (1978).

This Court in *Causley v LaFreniere, supra,* approved an order to pay child support from future wages and held in abeyance collection of arrearages until the defendant was again employed.

This remedy is open to the trial court in this case. The contempt sentence is set aside and the case is remanded to the trial court for further proceedings in accord with this opinion.

Reversed and remanded.