JOSLIN v LaVANCE

Docket No. 85845. Submitted May 7, 1986, at Marquette. Decided
September 9, 1986.

Danny Joslin filed suit against Shelly LaVance in Schoolcraft
Circuit Court, seeking to obtain custody of their son, Lucas J.
Joslin. Joslin subsequently filed petitions to reduce the amount
of child support he was paying and to eliminate child support
arrearages which had accumulated. The court, William F.
Hood, J., refused to grant custody to Joslin and denied his
petitions, with the exception that Joslin was relieved of child
support arrearages which accumulated during any time Lucas
was in Joslin's care for a period of seven days or more. Joslin
appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying
Joslin's petition to reduce his child support obligation. The
amount is a minimal sum and is within Joslin's ability to pay.
Furthermore, Joslin failed to allege and prove a change in
circumstances sufficient to justify the request to reduce the
amount of child support.

2. Joslin's child support arrearages should be reduced by the
amount which accumulated during the period in which he had
physical custody of his two other children and was dependent
upon ADC benefits as his sole source of support. At that time,
Joslin was occupied with the care of two minor children who
presumably would have required alternative child care at some
cost to Joslin had he acquired employment so as to pay the
child support for Lucas.

Affirmed in part, reversed in part and remanded for further
proceedings.

J. H. GILLIS, J. dissented from the majority's ruling eliminat-

REFERENCES

Am Jur 2d, Parent and Child §§ 50-84.

Change in financial condition or needs of parents or children as
ground for modification of decree for child support payments. 89
ALR2d 7.

Power of court, on its own motion, to modify provisions of divorce
decree as to custody of children, upon application for other relief.
16 ALR2d 664.

ing the child support arrearage accumulated during the time
Joslin had custody of his other two children and was receiving
ADC benefits. He would hold that the trial court did not abuse
its discretion in refusing to eliminate Joslin's child support
arrearage and in ordering him to pay the arrearage from his
future income. In all other respects Judge Gillis concurred with
the majority opinion.

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD SUPPORT — ABILITY TO PAY — EARN-
    ING ABILITY.
    A trial court is not limited to a parent's actual income in setting
    child support payments and may consider unexercised ability to
    earn.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
    A party petitioning for a modification of a child support obliga-
    tion must allege and prove a change in circumstances sufficient
    to justify the request.

3. PARENT AND CHILD — CHILD SUPPORT.
    A court must consider both parents' abilities to pay as well as the
    needs of the minor child in determining child support obliga-
    tions.

4. PARENT AND CHILD — CHILD SUPPORT — ADC BENEFITS.
    A noncustodial parent who is dependent upon ADC benefits as his
    sole source of income is not liable for child support payments
    where he is unable to seek employment because he has custody
    of other minor children.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. H. GILLIS, J.

5. PARENT AND CHILD — CHILD SUPPORT — ADC BENEFITS — ARREAR-
    AGES — FUTURE EARNINGS.
    A court may properly refuse to eliminate a child support arrear-
    age accumulated during a time when the noncustodial parent's
    sole source of income was ADC benefits and order payment of
    the arrearage from future earnings.

*Upper Peninsula Legal Services, Inc* (by *Ken-
neth Penokie*), for plaintiff.

*Peter J. Hollenbeck,* for defendant.

Before: T. M. BURNS, P.J., and J. H. GILLIS and
M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff appeals as of right from an order of the circuit court denying his petitions to reduce child support payments and to eliminate child support arrearages. The trial court also denied plaintiff's request for custody of the minor child but plaintiff does not appeal from that portion of the order. We affirm in part and reverse in part.

Plaintiff and defendant are the parents of Lucas James Joslin, born October 23, 1982. Although the parties have never married, paternity is not here disputed. The parties were living together at the time of their son's birth and on May 4, 1983, plaintiff acknowledged paternity and stipulated to child support payments of $21 per week, resolving a paternity action filed by defendant following their separation. An order of child support was entered on May 13, 1983.

On December 20, 1984, plaintiff filed a complaint for custody of Lucas. He subsequently filed petitions to reduce child support and eliminate arrearages. Following a hearing conducted on March 8, 1985, the trial court awarded custody to the defendant and denied plaintiff's petitions, except that plaintiff was relieved of child support arrearages accumulated during any time Lucas was in the care of plaintiff for a period of seven days or more.

Plaintiff first argues on appeal that the trial court abused its discretion in denying his petition to reduce his child support obligation as set forth in the order of May 13, 1983. We do not agree. At the time plaintiff's petition was denied, he was self-employed as a woodcutter and earning $50 per week. Plaintiff is mentally and physically healthy and offered no reason as to why he is unable to obtain full-time or additional part-time employment. A trial court is not limited to a parent's actual income in setting child support payments

and may consider unexercised ability to earn. *Wilkins v Wilkins,* 149 Mich App 779, 792; 386 NW2d 677 (1986). We agree with the trial court's observation that $21 per week is a minimal sum and is within plaintiff's ability to pay.

Moreover, since this is a petition for modification of a child support obligation, plaintiff must allege and prove a change in circumstances sufficient to justify the request. *Wells v Wells,* 144 Mich App 722, 733-734; 375 NW2d 800 (1985). Plaintiff in this case has failed to do either. At the time the original support order of $21 per week was entered, plaintiff had a bi-weekly income of only $140, which he also used to support two minor children from a previous marriage in his custody. Plaintiff's income at the time of his modification petition was $50 per week but he no longer had any support obligation for the care of the two other minor children. Given our de novo review of this case, we are persuaded that the trial court did not abuse its discretion in refusing to reduce plaintiff's child support obligation below $21 per week.

Plaintiff also argues that the trial court erred in refusing to eliminate arrearages accumulated during the time that plaintiff's sole source of income was welfare. At the time Lucas was born, plaintiff had primary physical custody of his two other children and was receiving public assistance benefits of $140 every other week. He continued to receive these benefits until February 5, 1985, when the two children began living with their mother. At about the same time, plaintiff commenced his wood-cutting employment.

We are persuaded that plaintiff's child support arrearages should be reduced by the amount which accumulated during the period in which plaintiff had physical custody of his two other

children and was dependent upon ADC benefits as his sole source of support. In determining support obligations, a trial court must consider both parents' abilities to pay as well as the needs of the minor child. We fail to see how plaintiff was able to financially support Lucas when he was responsible for the daily maintenance, care and support of his two other minor children. This is not a situation in which plaintiff father was unemployed and had considerable free time within which to earn $21 a week to contribute to the care of a minor child. Rather, plaintiff's time was occupied with the care of two minor children who presumably would have required alternative child care at some cost to plaintiff had he acquired employment so as to pay $21 per week support.

To the extent that Lucas was not being provided adequate support or care, he was entitled to the same ADC benefits which provided for the support and care of plaintiff's other two children. We find it inappropriate that plaintiff would be required to reimburse the state for ADC benefits paid out on behalf of Lucas but not for those paid out on behalf of his other two children solely because plaintiff did not have physical custody of Lucas. To the extent that the minor child Lucas is being provided adequate support and care by the custodial parent, there is no reasonable societal need to - saddle an indigent father with an onerous arrearage obligation. Under the circumstances of this case, we conclude that plaintiff's arrearages should be eliminated by the amount accumulated prior to February 5, 1985, the date on which plaintiff's two other children were transferred to the custody of their mother and the date on which ADC benefits to plaintiff were terminated. We remand for entry of an order consistent with this opinion.

Our decision is not based on MCL 400.63; MSA

16.463, since the trial court did not require plaintiff to meet his support obligation out of the funds he received through ADC. The trial court in this case adopted an approach consistent with *Causley v LaFreniere,* 78 Mich App 250; 259 NW2d 445 (1977), and *Gonzalez v Gonzalez,* 121 Mich App 289; 328 NW2d 365 (1982), and held that although plaintiff's support obligation accumulated during the period he received ADC benefits he would not be required to make up the arrearages until he obtained employment. In both *Causley v LaFreniere, supra,* and *Gonzalez, supra,* the noncustodial fathers were married and lived with their wives and children from those marriages. Both fathers' support obligations were minimal and the courts noted that the fathers had ample time within which to earn the small sums of money needed to satisfy their support obligations for their other children without jeopardizing their unemployment or welfare benefits. In neither *Causley* nor *Gonzalez* did this Court hold that a father's support obligation must continue without abatement even while he is on welfare. Instead, we looked to the circumstances of each case and evaluated the ability of the father to pay. We think that the facts in this case significantly differ from the facts presented in either *Causley* or *Gonzalez* because plaintiff, while unemployed, had physical custody of two minor children and was thereby limited in his ability to perform odd jobs in order to contribute $21 per week to the care of Lucas. We thus are not persuaded by defendants' reliance upon those two cases.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

T. M. BURNS, P.J., concurred.

J. H. GILLIS, J. *(concurring in part and dissenting in part).* I agree with the majority that the trial court did not abuse its discretion in refusing to reduce plaintiff's child support obligation; however, I also believe that the trial court did not abuse its discretion when it refused to eliminate the child support arrearage accumulated during the time which plaintiff's sole source of income was the ADC he received on behalf of his two other children. I find *Causley v LaFreniere,* 78 Mich App 250; 259 NW2d 445 (1977), and *Gonzalez v Gonzalez,* 121 Mich App 289; 328 NW2d 365 (1982), to be dispositive of the issue at hand. The majority's attempt to distinguish these cases by stating that the defendants in those cases were married and therefore had wives who could presumably care for children is without merit. As noted in *Causley,* the defendant could be employed and earn the minimal amount necessary to support his child without jeopardizing his ADC benefits. The same is true of plaintiff in this case. Plaintiff's other children were twelve and fourteen and plaintiff's girlfriend lived with him most of the time. In any event, I cannot say that the trial court abused its discretion in refusing to eliminate plaintiff's child support arrearage accumulated during the time when plaintiff's sole source of income was ADC and in ordering plaintiff to pay the arrearage from his future income. *Causley, supra; Gonzalez, supra.*