OLSON v OLSON

Docket No. 130002. Submitted May 7, 1991, at Marquette. Decided June 3, 1991, at 9:35 A.M. Leave to appeal sought.

Michael G. Olson and Christine A. Olson were granted a divorce in the Marquette Circuit Court, Raymond J. Jason, J. Christine was awarded physical custody of the parties' two minor children, and Michael was ordered to pay $500 a month in child support. Michael appealed, alleging that the court erred in failing to reduce the amount of child support to reflect his voluntary reduction in income while he pursued additional education.

The Court of Appeals *held:*

When a party voluntarily reduces or eliminates income, and the trial court concludes that the party has the ability to earn income and pay child support, the court does not err in entering a support order based upon the unexercised ability to earn.

Affirmed.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *D. Gregor MacGregor, III*), for the plaintiff.

*McDonald, Marin & Kipper* (by *Paul M. Marin*), for the defendant.

Before: Griffin, P.J., and Sawyer and Weaver, JJ.

Weaver, J. Michael and Christine Olson were married on February 29, 1982. Two minor children were born of the marriage. In their judgment of divorce, Christine was awarded physical custody of the children, and Michael was ordered to pay $500 a month child support. Michael appeals from this judgment, complaining that the trial judge consid-

ered an improper factor in setting his child support obligation. We affirm.

At the time of the divorce Michael was employed as a medical technologist, earning a net income of about $400 a week. During the final hearing, Michael testified that he would be employed only until August 25, 1989, at which time he would begin a two-year physician's assistant program. Michael testified that he felt this additional schooling would lead to increased future earnings. He asked the trial court to reduce his child support obligation during the two-year period to reflect his reduced earnings. The trial court refused to modify the child support order because of Michael's school plans.

On appeal, Michael argues that because the court did not find a bad-faith reduction in earnings, it should not have imputed to him earnings above his actual income, citing *Dunn v Dunn,* 105 Mich App 793; 307 NW2d 424 (1981).

There has been a split in this Court concerning the characterization of a parent's voluntary reduction in income.

One line of cases has held that, absent bad faith or wilful disregard for the interests of the dependent children, the fact that a parent is voluntarily earning less than is possible is not an adequate reason for ordering child support at a rate much higher than the parent's actual income would dictate. *Daniels v Daniels,* 165 Mich App 726; 418 NW2d 924 (1988); *Dunn v Dunn, supra; Rutledge v Rutledge,* 96 Mich App 621; 293 NW2d 651 (1980).

There is another line of cases which holds that a trial court is not limited to a parent's actual income in setting child support payments and may consider unexercised ability to earn. *Rohloff v Rohloff,* 161 Mich App 766; 411 NW2d 484 (1987); *Joslin v LaVance,* 154 Mich App 501; 398 NW2d

453 (1986); *Hoke v Hoke,* 162 Mich App 201; 412 NW2d 694 (1987).

We agree with the conclusion in *Rohloff,* that when a party voluntarily reduces or eliminates income, and the trial court concludes that the party has the ability to earn an income and pay child support, the court does not err in entering a support order based upon the unexercised ability to earn.

While we fully support an individual's desire to improve circumstances, we cannot sanction doing so at the expense of the individual's minor children.

Accordingly, we affirm the judgment below.