PROUDFIT v O'NEAL

Docket No. 135465. Submitted March 11, 1992, at Grand Rapids. Decided April 7, 1992, at 9:35 A.M.

Patricia Proudfit brought an action in the Calhoun Circuit Court against John O'Neal, seeking visitation rights with respect to their child, who was in O'Neal's custody at the time. Subsequently, custody of the child was transferred to Proudfit, and the court, Stephen B. Miller, J., awarded her temporary weekly child support from O'Neal, who was disabled and unemployed. The court concluded that for the purpose of determining the proper level of child support, O'Neal's income should include not only his social security disability benefits, but also his supplemental social security income benefits, a monthly rent subsidy paid to his landlord under a federal housing program, and a utility allowance received under a general assistance program. The court denied O'Neal's petition for modification of the support order. He appealed.

The Court of Appeals *held:*

1. Under the Michigan Child Support Guideline Manual, which the court either must follow or explain a departure, only the disability payment should have been considered as income for the purpose of determining the proper level of child support. Accordingly, the court's decision is erroneous as a matter of law.

2. Retroactive modification of a temporary child support order is permissible.

3. O'Neal is entitled to have credited against any child support order that is entered on remand not only the amount of any monies he has paid already, but also any amounts received by his child by reason of his disability.

Reversed and remanded for further proceedings.

PARENT AND CHILD — CHILD SUPPORT — SUPPLEMENTAL SOCIAL SECURITY INCOME — RENT SUBSIDIES — UTILITY ALLOWANCES.

A court, in determining the appropriate level of child support,

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1039-1041.

See the Index to Annotations under Custody and Support of Children.

> may not treat as income of the parent any supplemental social security income benefits received, any rent subsidy paid to the parent's landlord under a United States Department of Housing and Urban Development rent subsidy program, or any utility allowances paid under the state's general assistance program.

*Donna E. Jarvis,* for the plaintiff.

*Legal Services Organization of Southcentral Michigan* (by *William L. Coash*), for the defendant.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right from an order refusing to modify a temporary child support order. The parties have never been married, but agree that defendant is the father and plaintiff is the mother of the severely handicapped child who is the subject of the support order. Defendant is disabled and unemployed. We reverse and vacate the child support and income withholding orders.

Defendant's entire income relevant to this appeal consisted of: (1) supplemental security income benefits (SSI) of $198.20 a month; (2) social security disability benefits of $238 a month; (3) a rent subsidy of $250 a month; and, perhaps, (4) a utility allowance of $84 a month, which defendant insists was a one-time-only grant. The trial court considered all these amounts, determined that defendant's income was $177.46 a week, and ordered him to pay $48 a week in child support. When defendant did not pay, an income withholding order was issued against his disability benefits.

Defendant argues that the benefits he receives, except for the disability payments, are inalienable and therefore may not be considered as income for

child support purposes and may not be attached through an income withholding order, citing MCL 400.63; MSA 16.463, which provides that general assistance benefits are inalienable. Plaintiff agrees that only the disability payments may be attached, but argues that all the other benefits were properly considered as income. Plaintiff further argues that, because defendant did not plead or prove changed circumstances, the trial court did not err in refusing to modify the support order and that the amended compliance provisions of the Michigan Child Support Guideline Manual do not apply to this case.

Under the Michigan Child Support Guideline Manual, the only item of assistance received by defendant that properly may be considered income is the disability payment. See Manual (1989 rev), p 2 and Manual (1992 rev), p 2. The other benefits defendant receives are "[m]eans tested sources of income such as Aid to Families with Dependent Children (AFDC), General Assistance (GA), Food Stamps, and Supplemental Social Security Income (SSI)[,] [which] should *not* be considered as income to either parent for the purposes of determining child support" except in circumstances not applicable to defendant. See Manual (1989 rev), p 5 and (1992 rev), p 4 (emphasis in the original). Accordingly, this Court has held that means-tested benefits are neither income nor subject to income withholding. *Lapeer Co Dep't of Social Services v Harris,* 182 Mich App 686, 688-691; 453 NW2d 272 (1990) (GA benefits are not income and are not subject to withholding); *Joslin v LaVance,* 154 Mich App 501, 504-505; 398 NW2d 453 (1986) (arrearage reduced by amount of support that accrued while father on ADC and unable to work); *Gonzalez v Gonzalez,* 121 Mich App 289, 291-292; 328 NW2d 365 (1982) (father's petition to reduce

support should have been granted because ADC was his only income); *Causley v LaFreniere,* 78 Mich App 250, 251-254; 259 NW2d 445 (1977) (conflict would exist if father was required to pay support while his only income was ADC and he could show that he was unable to find odd jobs to meet the $5 a month payment). The fact that means-tested benefits may be considered in determining eligibility for other social welfare programs does not change this result. *Pyke v Dep't of Social Services,* 182 Mich App 619, 625, 627-628; 453 NW2d 274 (1990). The trial court's decision is therefore erroneous as a matter of law. We remand the case to the circuit court for a determination of the proper amount of child support.

For the trial court's guidance on remand, we note that retroactive modification of temporary child support orders, such as the one at issue here, is permissible. See *Thompson v Merritt,* 192 Mich App 412, 421-422; 481 NW2d 735 (1991); see also MCL 552.603(6); MSA 25.164(3)(6) ("this section [precluding retroactive modification] shall not apply to an ex parte support order or a temporary support order"). This is true even though, as noted by plaintiff, defendant neither pleaded nor proved changed circumstances in his petition for modification. See *Joslin, supra* at 504 (question of law reviewed de novo despite failure to plead or prove changed circumstances); see also MCL 722.27(1)(c); MSA 25.312(7)(1)(c) (the court may "[m]odify or amend its previous judgments or orders for proper cause *or* because of change of circumstances" [emphasis added]). We also note that the trial court is bound to follow the amended provisions of the Michigan Child Support Guideline Manual that took effect on October 10, 1990, which include a definition and formula for indigency cases, or explain its departure in writing or on the record. See

*Thompson, supra* at 416-418 (amendment is procedural and therefore applies retroactively); see also MCL 552.15(2); MSA 25.95(2) (divorce act); MCL 552.452(2); MSA 25.222(2)(2) (Family Support Act); MCL 722.3(3); MSA 25.244(3)(3) (emancipation of minors and rights of parents act); MCL 722.27(2); MSA 25.312(7)(2) (Child Custody Act); MCL 722.717(3); MSA 25.497(3) (Paternity Act). In addition to being credited with monies withheld thus far, defendant also should be credited with any amounts received by his child by reason of defendant's disability. See *Frens v Frens,* 191 Mich App 654; 478 NW2d 750 (1991).

The decision below is reversed, the support and income withholding orders are vacated, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.