GHIDOTTI v BARBER (ON REMAND)

Docket No. 187106. Submitted September 16, 1996, at Grand Rapids. Decided March 21, 1997, at 9:05 A.M. Leave to appeal sought.

James Ghidotti was awarded custody of his minor son by the Calhoun Circuit Court. The child's mother, Brenda Barber, and Ghidotti were never married. Barber, who is unemployed, has custody of her two minor daughters from a previous marriage and receives Aid to Families with Dependent Children (AFDC) benefits on behalf of her daughters. After Ghidotti was awarded custody, the friend of the court determined that Barber suffered from no condition or restriction that precluded her from obtaining gainful employment, deemed Barber to be voluntarily unemployed, and calculated an imputed weekly income for her. The friend of the court recommended that Barber pay weekly child support to Ghidotti. The court, James C. Kingsley, J., agreed with the friend of the court's recommendation and entered an order accordingly. The Court of Appeals, WEAVER, P.J., and MACKENZIE and SAWYER, JJ., denied leave to appeal in an unpublished order, entered September 22, 1994 (Docket No. 176051). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 449 Mich 861 (1995).

On remand, the Court of Appeals *held*:

1. The fact that Barber receives an AFDC grant is irrelevant to the determination whether she is voluntarily unemployed and the amount of child support she should pay for the benefit of her son.

2. The trial court imputed income to Barber on the basis of her voluntary unemployment, not on the basis of her AFDC grant. The court imputed the income without considering the AFDC benefits she receives. The trial court properly found that the AFDC benefits were not income and the court did not violate the statute prohibiting the alienation of those benefits.

3. MCL 400.63; MSA 16.463 and MCL 552.602(c); MSA 25.164(2)(c) do not prohibit imputing wage income to a voluntarily unemployed parent who receives AFDC benefits as long as the parent is not required to use the AFDC grant to satisfy the child support obligation. As long as Barber has no source of income outside the AFDC benefits with which to pay the child support, her unpaid weekly

child support will accumulate in arrears. When she eventually obtains employment and earns income, she must use the earned income to make the support payments and pay the arrearages.

Affirmed.

PARENT AND CHILD — CHILD SUPPORT — AFDC Benefits — Imputed Income — Voluntary Unemployment.

That a noncustodial parent receives Aid to Families with Dependent Children benefits on behalf of minor children that live with the noncustodial parent is irrelevant when determining whether the noncustodial parent is voluntarily unemployed and the amount of child support that the voluntarily unemployed noncustodial parent will pay for the benefit of the noncustodial child; wage income may be imputed to a voluntarily unemployed noncustodial parent who receives AFDC benefits as long as that parent is not required to satisfy the child support order from the AFDC grant; the parent's unpaid weekly child support continues to accumulate in arrears as long as the parent's only source of income is the inalienable AFDC grant; when the parent obtains employment and earns income, the parent must make support payments and pay the arrearages from the earned income (MCL 400.63, 552.602[c]; MSA 16.463, 25.164[2][c]).

Legal Services of Southcentral Michigan (by *Jeanne McGuire*), and Michigan Legal Services (by *Anne L. Argiroff*), for Brenda Barber.

ON REMAND

Before: GRIBBS, P.J., and MARKEY and T. G. KAVANAGH*, JJ.

PER CURIAM. This case arises from a May 16, 1994, order issued by the trial court that imputed income to defendant, the noncustodial parent, as a voluntarily unemployed person for purposes of computing child support. On the basis of the recommendations of the friend of the court, the trial court ordered defendant to pay $33 a week in child support even though she is

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

unemployed and receives Aid to Families with Dependent Children (AFDC) benefits on behalf of her two minor daughters from a previous marriage who live with her. Defendant unsuccessfully sought leave to appeal from the order to this Court. In lieu of granting leave to appeal, however, our Supreme Court remanded the case to this Court for consideration as on leave granted. 449 Mich 861 (1995). On remand, we affirm.

Plaintiff James Ghidotti and defendant are the parents of James Allen Ghidotti, Jr. (born November 30, 1987). The parties were never married. Plaintiff received custody of their son in 1993. Defendant has custody of her two minor daughters. Because her former husband is incarcerated, defendant receives no child support but instead receives AFDC benefits, which are means-tested federal benefits provided for the support of defendant's minor daughters.

The Calhoun County Friend of the Court's investigation revealed that defendant suffered from no condition or restriction that would preclude her from obtaining gainful employment.[1] Accordingly, the friend of the court deemed defendant to be voluntarily unemployed and calculated an imputed income for defendant equaling $170 a week. In light of defendant's imputed income, the friend of the court

---

[1] Defendant's counsel confirmed this finding at the May 16, 1994, hearing. On appeal, however, defendant's appellate counsel referred to defendant's unidentified previous back surgery and some emotional problems that one of her daughters was fighting, but we find no evidence on the record to support either of these suggested conditions or restrictions on defendant's ability to obtain gainful employment. Our review of the trial court record also reveals that defendant's children living with her attend a full day of school during the week, although we can find no indication of their ages. Thus, defendant presumably is available to work while her daughters are at school.

recommended that defendant pay a total of $33 of child support a week to plaintiff, the custodial parent.

At the hearing regarding the friend of the court's motion, defendant argued that the county's policy of imputing income to noncustodial parents who are unemployed and receive only federal means-tested benefits is preempted by federal law precluding the alienation of these federal benefits. Defense counsel admitted, however, that defendant did not suffer from any medical condition that would preclude her from being employed. The trial court rejected defendant's argument, refusing to agree that even after excluding from consideration the AFDC benefits, the friend of the court should be precluded from imputing income to defendant consistent with the Michigan child support guidelines. Following Michigan precedent, the court ordered defendant to pay plaintiff $33 a week in child support.

On appeal, defendant argues that the trial court violated MCL 400.63; MSA 16.463,[2] prohibiting the alienation of AFDC benefits, MCL 552.602(c); MSA 25.164(2)(c),[3] defining income for purposes of establishing child support, and the Michigan child support

---

[2] MCL 400.63(1); MSA 16.463(1) of the Social Welfare Act provides:

"Except as provided in subsection (2), all aid, relief, or assistance given under this act is absolutely inalienable by any assignment, sale, garnishment, execution, or otherwise, and in the event of bankruptcy, shall not pass to or through any trustee or other person acting on behalf of creditors."

[3] MCL 552.602(c); MSA 25.164(2)(c) of the Support and Visitation Enforcement Act provides:

"Income" means any of the following:
    (i) Commissions, earnings, salaries, wages, and other income due or to be due in the future from his or her employer and successor employers.

guidelines by imputing income and ordering defendant to pay child support where defendant's only source of income is AFDC. We find that defendant's arguments lack merit.

We review the trial court's factual findings for clear error, which is found to have occurred where an appellate court is left with a firm and definite conviction that a mistake was made. MCR 2.613(C); *Beason v Beason*, 435 Mich 791, 804-805; 460 NW2d 207 (1990). If the findings are supported, we review the court's dispositional ruling de novo. *Edwards v Edwards*, 192 Mich App 559, 562; 481 NW2d 769 (1992). Generally, we will not reverse the court's decision to award child support absent an abuse of discretion. *Morrison v Richerson*, 198 Mich App 202, 211; 497 NW2d 506 (1993); *Edwards, supra* at 562.

Defendant's assertion that the trial court is statutorily precluded from imputing income to an AFDC recipient is factually flawed because the court imputed wage income to her on the basis of her voluntary unemployment. It did not impute her AFDC grant to her as income, which is prohibited under the child support guidelines. In short, the court imputed income to her without considering the AFDC she received. It apparently viewed her as it should and

(ii) A payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation.

(iii) An amount of money that is due to the payer under a support order as a debt of another individual, partnership, association, or private or public corporation, the United States or a federal agency, this state or a political subdivision of this state, another state or a political subdivision of another state, or another legal entity that is indebted to the payer.

does view all unemployed yet employable noncustodial parents who, for one reason or another, have no job and claim an inability to financially support a child. Case law supports the trial court's determination that a parent who voluntarily reduces income will have income assigned to the parent for purposes of supporting that parent's child. *Olson v Olson*, 189 Mich App 620, 622; 473 NW2d 772 (1991), aff'd 439 Mich 986 (1992) (approving income imputation in light of a parent's voluntary reduction of income); *Rohloff v Rohloff*, 161 Mich App 766, 769-776; 411 NW2d 484 (1987) (analyzing and affirming earlier cases addressing income imputation). Also, the Michigan Child Support Formula Manual (1996 rev) endorses the practice of imputing income, i.e., "treating a party as having income or resources that the party does not actually have. This usually occurs in cases where a party voluntarily reduces income." *Id.*, p 8.

When evaluating whether a party has an unexercised ability to earn, the friend of the court must consider equitable factors such as the party's prior employment, education, skills, disabilities, ability to earn the wages imputed, the prevailing wage rate in the area, and the effect that minor children residing with the party may have on that party's earning ability. *Id.* The manual also provides that imputation is not appropriate where "[a] payee/payer source of income is a means tested income such as Aid for Families with Dependent Children, General Assistance, Food Stamps and Supplemental Security Income." *Id.*, p 9. This is consistent with the child support guidelines' statement that means-tested sources of income "should *not* be considered as

income to either parent for the purpose of determining child support." *Id.*, p 7.

The manual contains no substantive right liberating a noncustodial parent who receives AFDC from all child support obligations. If this were the case, we would find statutory authorization for this exclusion, but none exists. Rather, we recognize that the manual restates the rule contained in MCL 552.602(c); MSA 25.164(2)(c) that AFDC is not income, the rule set forth in *Proudfit v O'Neal*, 193 Mich App 608, 610-611; 484 NW2d 746 (1992), that AFDC is not to be treated as if it were income, and the rule in MCL 400.63(1); MSA 16.463(1) that AFDC benefits cannot be alienated. If the manual excluded parents receiving AFDC from paying child support, it would conflict with MCL 722.712(a); MSA 25.492(a) of the Paternity Act, which requires parents to support their children, MCL 552.519(3)(a)(vi); MSA 25.176(19)(3)(a)(vi) of the Friend of the Court Act, which authorizes the manual's promulgation for use in determining the amount of child support that noncustodial parents must pay, and MCL 722.717(3); MSA 25.497(3) of the Paternity Act, which requires the court to follow the manual's determination regarding the child support amount awarded unless doing so would be unjust or inappropriate. Defendant's proposed interpretation of these statutes and the manual precludes an harmonious interpretation of in pari materia statutes, *Jennings v Southwood*, 446 Mich 125, 136-137; 521 NW2d 230 (1994), and results in repugnancy, absurdity, or unreasonableness, *Michigan Humane Society v Natural Resources Comm*, 158 Mich App 393, 401; 404 NW2d 757 (1987). It also conflicts with decisions of this Court endorsing the imputation of income for volun-

tarily unemployed noncustodial parents. See *Olson, supra* at 621-622; *Rohloff, supra.* Indeed, defendant's constrained reading of these statutes, cases, and the manual cannot control because it does not yield a construction that avoids conflict. See *House Speaker v State Administrative Bd,* 441 Mich 547, 568-569; 495 NW2d 539 (1993). Thus, the fact that a party receives an AFDC grant is irrelevant when determining whether a parent is voluntarily unemployed and the amount of child support that a voluntarily unemployed noncustodial parent will pay for the benefit of the noncustodial child.

Additionally, although at first glance the language of MCL 400.63; MSA 16.463 and MCL 552.602(c); MSA 25.164(2)(c) may appear to protect defendant from child support obligations because her only income is AFDC, neither statute prohibits imputing wage income to a voluntarily unemployed parent who receives AFDC *as long as* that parent is not required to satisfy the child support order from the AFDC grant. Defendant's argument presumes, incorrectly so, that AFDC is her sole means of *paying* the child support, which would constitute an illegal alienation of those benefits. Instead, we believe that both the trial court and the friend of the court understand that neither could require defendant to pay the weekly child support from the AFDC benefits. We also find implicit in the court's holding the conclusion that as long as defendant has no source of income outside the AFDC benefits with which to pay the child support, defendant's unpaid weekly child support will accumulate in arrears. Thus, the child support order does not improperly alienate her AFDC benefits. When defendant eventually obtains employment and earns income,

she will then be required to make support payments to plaintiff and pay the arrearages. *Causley v LaFreniere*, 78 Mich App 250, 252; 259 NW2d 445 (1977) (the court may order child support to be paid in the future from future wages).

We reject defendant's assertion that this Court is bound to follow the decision in *Joslin v LaVance*, 154 Mich App 501; 398 NW2d 453 (1986), which precluded the accumulation of child support in arrears where the noncustodial parent is receiving federal assistance. In *Joslin*, a majority of this Court determined that the plaintiff should continue paying $21 a week in child support to his noncustodial child after his income dropped, but it wiped clean all arrearages that accumulated while the plaintiff had custody of his two minor children from another marriage because he was dependent upon ADC[4] as his sole source of support. Unlike an unemployed father who had "considerable free time" to earn $21 a week, the majority found that the plaintiff in *Joslin* was busy caring for his two minor children "who presumably would have required alternative child care at some cost to plaintiff had he acquired employment so as to pay $21 per week support." *Id.* at 505. The majority reasoned that the child at issue would not suffer in the absence of the $21 of weekly support because that child could also receive ADC. Thus, the majority of this Court opined that "[t]o the extent that the minor child . . . is being provided adequate support and care by the custodial parent, there is no reasonable societal need to saddle an indigent father with an onerous arrearage obligation." *Id.* at 505.

---

[4] ADC, or Aid to Dependent Children, is the predecessor of AFDC.

Judge GILLIS dissented from this finding, holding that this Court's decisions in *Causley, supra*, and *Gonzalez v Gonzalez*, 121 Mich App 289; 328 NW2d 365 (1982), were dispositive with regard to permitting the accumulation of child support in arrears for ADC recipients. In those cases, this Court found that the defendant fathers could be employed and earn the minimum amount necessary to pay child support without jeopardizing the receipt of ADC benefits.[5] *Joslin, supra* at 507. Judge GILLIS also noted that the plaintiff's children in *Joslin* were twelve and fourteen and his girlfriend lived with them, thereby dispelling the majority's contention that the plaintiff could spend no time away from the children in his custody in order to find employment. *Id.* We agree with Judge GILLIS.

In the eleven years since *Joslin* was published, more children are being born out of wedlock only to become recipients of state and federal welfare programs. Efforts are currently being made in Michigan and across the nation to educate welfare recipients in order to help them find work and end their dependence on welfare. We would thwart these attempts at

---

[5] While defendant argues that gainful employment will threaten her continued receipt of AFDC benefits and make her subject to protective payments under 42 USC 605, we find that no such threat exists. See *Causley, supra* at 253, n 1. Under controlling federal regulations regarding AFDC recipients, defendant is permitted to work up to one hundred hours a month to provide for the support of her noncustodial child. 45 CFR 233.100(a)(1); 45 CFR 233.20(a)(3)(ii)(C). Also, Michigan no longer limits parents receiving ADC or similar benefits to work fewer than sixty-four hours in any consecutive two-week period, as referenced in footnote 1 in *Causley, supra*. Rather, parents receiving family independence assistance in Michigan must now sign social contracts that require participating adults to engage in at least twenty hours of work, job training, education, community service, or similar activities in order to continue receiving benefits. MCL 400.57e; MSA 16.457e, MCL 400.57f; MSA 16.457f.

welfare reform and perpetuate the unwitting member-
ship of noncustodial parents' children in welfare pro-
grams if we permit noncustodial parents to avoid
their financial obligations to their children who live
apart from them solely because we refuse to require
recipients of AFDC to find some type of work that will
not jeopardize their AFDC eligibility.

Further, we believe that Judge GILLIS' approach in
*Joslin* more accurately reflects the realities facing the
trial court on a daily basis. Indeed, in *Causley, supra*
at 253-254, n 1, this Court recognized that an ADC-U
recipient could work fewer than one hundred hours a
month and still maintain those benefits. More impor-
tantly, we also agreed in *Causley* that the trial court
could order the *future* payment of child support from
*future* earned income, and unpaid support would
accumulate in arrears when the parent had no sup-
port other than inalienable welfare benefits. *Id.* Thus,
in *Causley,* we affirmed the court's reduction of child
support to $5 a month during the defendant's unem-
ployment and found no alienation of benefits as a
result because the "defendant had twenty-odd work
days available each month in which to seek whatever
employment would be necessary to earn $5." *Id.* at
253.

This Court in *Gonzalez, supra* at 292, followed the
lead set in *Causley* by instructing the trial court on
remand that it could approve "an order to pay child
support from future wages and [hold] in abeyance
collection of arrearages until the defendant was again
employed." Thus, in light of the compelling precedent
set forth in *Causley, supra,* and *Gonzalez, supra,* that
should have controlled in *Joslin,* we cannot and will
not follow the majority's decision in *Joslin.*

Assuming that defendant earns minimum wage and works insufficient hours to imperil her AFDC status, we believe that defendant would be fully capable of paying child support for her noncustodial child. She would also have additional income for the benefit of the two children living with her. As this Court stated in *Causley, supra* at 256, quoting the trial court's admonition to the noncustodial parent, "you have this continuing obligation just as much to support this [noncustodial] child as the children that are at home with you. And I don't think it is appropriate that you entirely forget it despite the fact that your income is less."

Accordingly, we affirm the trial court's order requiring defendant to pay child support because she is a voluntarily unemployed individual. As long as defendant's sole source of income is AFDC, defendant will not be required to pay support, but all unpaid support shall accumulate in arrears until defendant has a source of income other than AFDC from which she can pay support. At that time, defendant shall begin paying weekly support and shall also make weekly payments to reduce the arrearage amount.

In light of our disposition of this issue, we need not address the remaining issue raised on appeal.

Affirmed. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.

T. G. KAVANAGH, J., did not participate.