BUCHANAN v CITY COUNCIL OF FLINT

Docket No. 193153. Submitted May 5, 1998, at Grand Rapids. Decided September 11, 1998, at 9:10 A.M. Leave to appeal sought.

Darryl Buchanan brought an action in the Genesee Circuit Court against the City Council of Flint. When two female employees filed complaints alleging sexual harassment by the plaintiff, Flint's ombudsman, the city attorney's office undertook an investigation. A panel reviewed the investigation undertaken by an assistant city attorney and forwarded to the city council for its independent review and action a recommendation for remedial and disciplinary action. The city council placed the plaintiff on administrative leave with pay pending the outcome of an investigation of a special counsel that it had appointed. The plaintiff then filed his complaint, alleging disparate treatment, false light defamation, and intentional infliction of emotional distress and seeking judicial review, injunctive relief, and damages. The court, Donald R. Freeman, J., revoked the administrative leave and ordered that the plaintiff be reinstated as ombudsman, finding that the city charter made no provision for a suspension of or imposing administrative leave on the ombudsman, but held that the city's policy regarding harassment and discrimination applied to the ombudsman and that the city council could conduct an investigation of those charges levied against the plaintiff. The city council conducted an impeachment hearing, hearing the testimony of numerous witnesses, and, thereafter, determined that the plaintiff should be removed as ombudsman, holding specifically that the plaintiff had wilfully caused citizens' complaints not to be worked on, had permitted a conflict of interest in a specified case, had created a difficult work environment through erratic personnel policies, had delegated personnel matters to an advisory board and to consultants, and had failed to train and supervise staff appropriately. The plaintiff amended his complaint in the circuit court, challenging the city council's removal of him from office. The parties agreed that the proper standard of review by the court was review de novo, but agreed that the court did not have to review all the testimony presented before the city council and rather could render its decision on the basis of an extract of the testimony that would be supplied by the parties. Following its review, the court set aside the

city council's decision and ordered the plaintiff reinstated. The city council moved for reconsideration, asking the court to review the entire record of the hearing before the city council. The court agreed to review the entire record and, following its review of that record, denied the motion for reconsideration. The city council appealed by leave granted.

The Court of Appeals *held*:

1. The city council argues that the standard of review that the court should have used is the substantial evidence standard found in Const 1963, art 6, § 28, rather than the review de novo standard contained in Flint Charter, § 1-603(C), because the standard set forth in the constitution takes precedence over the standard set forth in the city charter. The court properly used the review de novo standard of review required by the city charter, because the substantial evidence standard of art 6, § 28 sets forth the minimum standard that must be observed for judicial review of an administrative determination, but does not preclude the setting of a stricter standard of review. Here the city charter sets a stricter standard of review for judicial review of the city council's decisions, review de novo, and the court properly used that stricter standard in reviewing the decision of the city council.

2. The court erred in finding that there was insufficient evidence to support the decision of the city council to remove the plaintiff. The city charter provides for removal of an appointee "for good cause." Under either the substantial evidence standard or the review de novo standard, there was clearly sufficient evidence to support the city council's finding that the plaintiff purposefully delayed the investigation of citizens' complaints to apply pressure on the city council to secure more funding for the ombudsman's office, and the court's finding that there was not sufficient evidence to support that finding of the city council was clearly erroneous. Because the plaintiff's actions in this regard controverted the essential mission of the ombudsman's office, sufficient cause for the plaintiff's removal from office was shown, and the court erred in setting aside the city council's decision to remove the plaintiff from office.

3. Because the only matter at issue in these proceedings was the review of the propriety of the city council's decision to remove the plaintiff from office, the court did not err as a matter of law in its determination not to make findings of fact concerning the questions whether the plaintiff discriminated or retaliated against employees or whether the plaintiff had a claim for wrongful discharge.

4. The court did not err in denying the city council's motion to disqualify the plaintiff's attorney because of alleged conflicts of interests. The court's finding that there was no continuing attorney-client relationship between the city council and the plaintiff's attorney or between the ombudsman's office and that attorney was not clearly erroneous.

Reversed in part and affirmed in part.

ADMINISTRATIVE LAW — FINDINGS OF FACT — JUDICIAL REVIEW — STANDARD OF REVIEW.

The substantial evidence standard set forth in the state constitution for judicial review of the findings of fact of an administrative agency sets a minimum standard of judicial review but does not preclude the adoption of a stricter standard of review, such as review de novo (Const 1963, art 6, § 28).

*George R. Hamo*, for the plaintiff.

*Patrick L. Rose*, for the defendant.

Amicus Curiae:

*Varnum, Riddering, Schmidt & Howlett* (by *Peter Armstrong* and *George B. Davis*), for the Michigan Municipal League.

Before: SAWYER, P.J., and KELLY and SMOLENSKI, JJ.

KELLY, J. Defendant, the City Council of Flint appeals by leave granted from the February 20, 1996, order of the Genesee Circuit Court that set aside the city council's decision to remove plaintiff, Darryl Buchanan, from the office of ombudsman and reinstated him to the position. The city council also appeals from the June 10, 1996, order that reiterated plaintiff's reinstatement as ombudsman and denied the city council's motion to disqualify his attorney. By order of this Court, plaintiff was not permitted to return to his position as ombudsman during the pendency of this appeal. We reverse in part and affirm in part.

Plaintiff, who had been with the ombudsman's office for approximately fourteen years, starting as an investigative trainee and working his way up to assistant ombudsman and director of investigations, was appointed ombudsman[1] by the city council on August 17, 1994. Almost immediately, problems began. In January of 1995, Deborah Milling, plaintiff's former girlfriend and an employee of the ombudsman's office, filed a sexual harassment and gender discrimination complaint with the Michigan Department of Civil Rights. In April of 1995, she filed a complaint against plaintiff with the Flint city attorney's office, alleging sexual harassment. In May of 1995, Rose Fizer, another employee of the ombudsman's office, also filed a sexual harassment complaint against plaintiff with the city attorney's office.

The city's policy statement relative to harassment and discrimination requires an independent investigation of complaints. Therefore, the complaints were investigated by an assistant city attorney who took statements from all the employees of the ombudsman's office regarding the allegations against plaintiff. Thereafter a panel was formed to conduct a review of the investigation. On June 26, 1995, the panel issued its decision finding that plaintiff had violated the city's policy on harassment and discrimination. Because the city charter provides that only the city council has authority over the office of the ombudsman, the panel forwarded its recommendation for remedial and disciplinary action to the city council for independent review and action.

---

[1] The ombudsman functions as a city watchdog. It is the ombudsman's job to investigate alleged improprieties involving both elected and appointed officials in the city of Flint.

The city council appointed Charles Forrest, a former city attorney, as special counsel to investigate whether there was evidence of official misconduct that would justify removal of plaintiff from office. The city council placed plaintiff on administrative leave with pay pending the outcome of the investigation. Thereafter, plaintiff retained attorney George Hamo and filed a complaint in the Genesee Circuit Court against the city council, alleging disparate treatment, false light defamation, and intentional infliction of emotional distress and requesting judicial review, injunctive relief, and damages.

Following a hearing on July 11, 1995, the trial court, after interpreting the city charter to contain no provision for the suspension of or the imposition of administrative leave on the ombudsman, revoked the administrative leave imposed by the city council and ordered plaintiff reinstated as ombudsman. However, the trial court found that the city's policy regarding harassment and discrimination applied to the ombudsman, and, therefore, the city council could conduct an investigation of those charges levied against plaintiff.

An impeachment hearing commenced before the city council on August 23, 1995. After five days of hearings and numerous witnesses, the city council determined that plaintiff should be removed as ombudsman, finding five different specific acts by plaintiff that were cause for his removal.[2] The specific cause for removal was set forth in the August 28, 1995, city council resolution as follows:

---

[2] Plaintiff was removed as ombudsman by seven yes votes. Two council members voted not to remove plaintiff from office.

BE IT FURTHER RESOLVED, that the specific cause for removal is that the testimony indicates that the Ombudsman did wilfully cause complaints not be worked on or to be backed up for budgetary purposes; permitted a conflict of interest in the Steverson Davis case; created a difficult work environment through erratic personnel policies; delegated personnel matters to the Ombudsman's Advisory Board and to consultants; and failed to train and supervise staff appropriately.

On August 30, 1995, plaintiff filed an amended complaint in the circuit court, challenging the city council's vote to remove him from office. Subsequently, a hearing was held concerning the matter. At the hearing, the parties agreed that, on the basis of the requirements of the city charter, review de novo was the appropriate standard of review to be used to evaluate the city council's removal of plaintiff. The parties also agreed that the trial court need not review all the testimony presented before the city council and that the parties would provide the court with the testimony necessary to render its opinion. At the conclusion of the hearing, the trial court determined that the city council was without cause to remove plaintiff from his position as ombudsman. By order entered on February 20, 1996, the trial court set aside the city council's decision to remove plaintiff from the office of ombudsman and reinstated him to that position. A motion for reconsideration followed. At the March 21, 1996, hearing regarding city council's motion for reconsideration, the city attorney requested that the trial court review the entire record of the hearing before the city council. The circuit court agreed to do so and spent the next few days listening to the testimony presented before the city council. After reviewing the entire record, the trial court denied the city

council's motion for reconsideration, and this appeal followed. Subsequently, this Court ordered that plaintiff could not return to office during the pendency of this appeal or until further order of this Court.

I

On appeal, the city council first argues that the circuit court erred in applying a review de novo standard of review[3] with regard to the city council's decision to remove plaintiff from the office of the ombudsman. The city council claims that the circuit court should have applied the "substantial evidence" standard of review. The city council also argues that the circuit court erred in finding that "cause" for plaintiff's removal was lacking. We hold that under either a review de novo standard or a substantial evidence standard, there was sufficient evidence to support the city council's action.

Const 1963, art 6, § 28 provides that a judicial review should determine whether an administrative ruling was supported by competent, material, and substantial evidence on the whole record. *Birmingham School Dist v Buck (On Remand)*, 211 Mich App 523, 525; 536 NW2d 297 (1995).[4] In *In re Payne*, 444

---

[3] Under review de novo, a reviewing court gives no deference to the trial court and reviews the case with fresh eyes. See *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe*, 441 Mich 110, 115-116; 490 NW2d 337 (1992); *Fletcher v Fletcher*, 200 Mich App 505, 512; 504 NW2d 684 (1993).

[4] Const 1963, art 6, § 28 provides in pertinent part as follows:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, *as a minimum*, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required,

Mich 679, 692-693; 514 NW2d 121 (1994), our Supreme Court stated, in pertinent part:

> When reviewing the decision of an administrative agency for substantial evidence, a court should accept the agency's findings of fact if they are supported by that quantum of evidence. A court will not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record.
>
> "Substantial evidence" has a classic definition: the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance. . . . [T]he substantial evidence standard found in Const 1963, art 6, § 28, does not depart from this definition, at least according to its drafters. [Citations omitted.]

The city council claims that *Payne* is controlling and that the "substantial evidence" standard should have been the standard of review used by the circuit court. However, according to the comments made at the Constitutional Convention in 1961, in reference to Const 1963, art 6, § 28, the provision was intended only to ensure " '*minimum rights* so far as appeals are concerned,' " *In re Payne, supra* at 692-693, n 9, quoting 1 Official Record, Constitutional Convention 1961, p 1467 (emphasis supplied), and a more rigorous standard is required by the Flint city charter.

Flint Charter, § 1-603 provides for removal of an elected or appointed city employee for cause. Subsection C provides in pertinent part:

---

whether the same are supported by competent, material and substantial evidence on the whole record. [Emphasis supplied.]

> Decisions made by the city council under this section are not reviewable by the mayor but are *subject to judicial review in a hearing de novo.* [Emphasis supplied.]

Const 1963, art 6, § 28 requires the substantial evidence standard "as a minimum." By carefully providing for "minimum" standards, it is clear the drafters did not preclude an administrative agency from requiring a stricter standard of review. In this case, the city charter clearly provides for review de novo and both sides requested review de novo before the circuit court. We believe that the Michigan Constitution clearly gives the city freedom to impose a stricter standard of review and to require review de novo of a decision to remove the ombudsman. Therefore, when the circuit court reviewed de novo the city council decision, it was not violating the Michigan Constitution. The Flint charter established the standard of review required in these proceedings, and the circuit court merely followed the requirements set forth in the city charter.

In any event, under either standard of review we find sufficient evidence to support the city council's decision to remove Buchanan from office.

II

Flint Charter, § 1-603 provides that the "city council shall declare the forfeiture of the office of any elective officer or appointee and may remove for cause any person appointed to an office for a fixed term." Flint Charter, § 3-502(B) provides that the ombudsman may be removed for cause by three-fourths of the city council members elect. Black's Law Dictionary (6th ed), p 221 defines "cause" "[a]s a reason for an action." In a similar vein, we note that

this Court has recently indicated that "good cause" generally means " 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.' " *Franchise Management Unlimited, Inc v America's Favorite Chicken*, 221 Mich App 239, 246; 561 NW2d 123 (1997), quoting Black's Law Dictionary (6th ed), p 692.

In this case, in its resolution adopted August 28, 1995, the city council gave the following reasons for the removal of the ombudsman:

> NOW BE IT RESOLVED, that based on the testimony and the evidence presented during the hearings, that the Ombudsman, Darryl Buchanan, be removed for cause:
>
> BE IT FURTHER RESOLVED, that the specific cause for removal is that the testimony indicates that the Ombudsman did wilfully cause complaints not be worked on or to be backed up for budgetary purposes; permitted a conflict of interest in the Steverson Davis personnel policies; delegated personnel matters to the Ombudsman's Advisory Board and to consultants; and failed to train and supervise staff appropriately.[5]

After conducting its review, the trial court found insufficient evidence to support the stated reasons for Buchanan's removal.[6] We review the trial court's fac-

---

[5] It should be noted that the alleged sexual harassment of two of the employees of the ombudsman's office was not one of the stated grounds for plaintiff's removal. Therefore, while we have reviewed the supplemental authority supplied to us by the city council, we do not believe that it is applicable to this case.

[6] With respect to any allegation by the city council that the circuit court did not review the testimony and evidence considered by the city council and that the circuit court made no specific findings of fact in its determination that the city council did not have cause to remove the ombudsman, such a claim is without merit. While the circuit court based its initial decision on representations of the parties and a partial review of the record, it stated its reasons for plaintiff's reinstatement on the record. When the city council claimed in its motion for reconsideration that the court could not

tual findings for clear error, which occurs if an appellate court is left with a firm and definite conviction that a mistake has been made. MCR 2.613(C); *Ghidotti v Barber (On Remand)*, 222 Mich App 373, 377; 564 NW2d 141 (1997). We have such a conviction.

Even were we to agree with the trial court that there was scant evidence supporting other stated reasons for removal, the evidence, through the testimony of senior investigator Joseph Valu and investigators Barbara Burdette and Ramona Sain, did clearly establish that plaintiff purposefully delayed the assignment and investigation of citizen complaints to apply pressure upon the city council to secure more funding for the ombudsman's office. The trial court's finding that there was insufficient evidence to support this stated reason for removal was clearly erroneous. Plaintiff's actions in this regard controverted the essential mission of the office, which was to investigate and resolve citizen complaints, and, in our opinion, constituted cause for his removal. Because we find that there was sufficient cause for his removal, we believe the circuit court erred in setting aside the city council's decision to remove plaintiff from office.

Having found that the trial court erred in setting aside the city council's decision to remove plaintiff from office, we need only briefly address some of the other issues raised by the city council.

---

make a ruling unless it had considered the entire record, the circuit court listened to all of the testimony from the city council hearing and then made findings of fact. Additionally, the city council's argument involving the separation of powers doctrine is without merit. The doctrine does not apply to city governments. Const 1963, art 6, § 28; *Rental Property Owners Ass'n of Kent Co v Grand Rapids*, 455 Mich 246, 267-268; 566 NW2d 514 (1997).

The circuit court did not err as a matter of law in its determination not to make findings of fact concerning the questions whether plaintiff discriminated or retaliated against employees Debra Milling and Rose Fizer or whether plaintiff had a claim for wrongful discharge. The only matter before the circuit court was a review of the decision of the city council to remove plaintiff from his position as the ombudsman. The circuit court was acting in the role of an appellate court for this hearing. Its task was to determine whether the stated reasons for plaintiff's removal constituted sufficient cause based on the evidence before the council. The city council did not state that discrimination or retaliation was a reason for plaintiff's removal as ombudsman, and Milling's and Fizer's claims of sexual harassment, sexual discrimination, retaliation and so on are the subject of separate pending circuit court actions. Moreover, in his amended complaint, plaintiff did not state a claim for wrongful discharge. Hence, the claims of wrongful discharge, sexual discrimination, or retaliation were not before the circuit court, and, therefore, the court did not err in its determination that it would not make findings of fact regarding these issues.

Lastly, we do not believe that the trial court erred in denying the city council's motion to disqualify plaintiff's attorney, George Hamo, on the ground that by Hamo's representing the ombudsman's office, the city of Flint (and, therefore, the city council) was also his client. The trial court's findings of fact in this regard are not clearly erroneous. MCR 2.613(C); *Ghidotti*, *supra* at 377. The evidence presented below was sufficient to support the trial court's finding that there was no continuing attorney-client relationship

between the city council and Hamo. Therefore, there was no conflict of interest between Hamo's representation of the ombudsman's office and his representation of plaintiff. Moreover, the evidence indicates that as soon as Hamo learned that he was representing a client (Steverson Davis) in a situation that was being investigated by the ombudsman's office, he withdrew as counsel for the ombudsman's office, and that he had no knowledge of any information that had been acquired by the ombudsman's office in the Steverson Davis case. Thus, there was no conflict of interest between Hamo's present representation of the plaintiff and his prior representation of the ombudsman's office and Steverson Davis. The fact that, after he withdrew as counsel for the ombudsman's office but before the ombudsman's office had contracted with a new attorney for representation, Hamo performed a few legal services for the ombudsman's office that were unrelated to the Steverson Davis case does not represent a conflict of interest.

Reversed in part and affirmed in part.